## TEXAS PACIFIC COAL & OIL CO. v. TAYLOR.

### No. 964.

Court of Civil Appeals of Texas. Eastland. March 18, 1932.

John Hancock, of Fort Worth, for appellant.

Grisham Brothers, of Eastland, for appellee.

### HICKMAN, C. J.

In the court below appellee was awarded a judgment for $500 damages against appellant for permanent injuries to real estate on account of salt water escaping from premises operated by appellant and flowing upon the farm of appellee. The particular damage complained of was the ruining of a water well. Appellant's brief contains five assignments of error, but we shall discuss only the first and fourth, because the second and fifth are ruled by our decision on the first, and the third is ruled by our decision on the fourth.

■ The first assignment complains of the action of the trial court in permitting the witness R. L. Taylor to testify that he knew the reasonable cash market value of appellee's land immediately prior to the overflow of the salt water and immediately thereafter. The assignment further complains of the ruling of the trial court in refusing to strike this testimony after appellant had tested the qualification of the witness on cross-examination. This assignment presents no error. A witness as to land values does not ordinarily come within the definition of an expert. No rule can be formulated as to what constitutes a sufficient showing of qualification of a witness to give his opinion concerning the value of land, and it is generally held that the matter is very largely within the discretion of the trial court, and that an appellate court will not disturb the ruling of the trial court thereon, unless a clear abuse of discretion is shown. This witness had lived in the vicinity of this land for fourteen years. He unqualifiedly stated that he was acquainted with the market value of this tract of land immediately before and immediately after the overflow. Under that showing, the trial court did not abuse its discretion in permitting the witness to express his opinion as to the value on those dates. On cross-examination by appellant's attorney, the witness testified that: "I don't believe I know of any lands having been bought or sold in the vicinity of this farm since 1928. I don't know what lands are being bought for and sold for since 1928 down to the present time." The contention is made that this testimony by the witness disclosed his disqualification to give an opinion, and that therefore the court should have sustained the motion, made after the above testimony was brought out on cross-examination, to strike the testimony as to value. This contention is overruled. The overflow of salt water occurred in 1928, and the testimony of the witness on cross-examination was that he had no knowledge of sales since 1928. This testimony had no bearing on the question as to whether or not he was acquainted with the values during 1928.

■■ The fourth assignment complains of the action of the trial court in overruling appellant's motion for an instructed verdict, because no proof was made as to whether the damage, if any, to appellee's land or well was temporary or permanent. This assignment is overruled. The case was submitted to the jury on the theory that the injury was permanent, and the only objection urged to the charge is that there was no evidence authorizing that character of submission. It is our view of this evidence that it showed a permanent injury as a matter of law, but, if not, there certainly was evidence that the injury was permanent. The well claimed to have been destroyed was a shallow well. The only wells in that vicinity which produced water suitable for domestic purposes were shallow wells. The water produced from deep wells was brackish. Appellee's well was situated in a low place on his farm, to which salt water drained from appellant's oil well on the adjoining tract. This salt water came down in sufficient quantities to kill all vegetation in and near the drain, and to change the color of the surface of the land near the well. Prior to the time that the salt water escaped this well produced good water, but, since the soil became saturated with salt, the water has been unfit for domestic purposes. Three years elapsed between the time the water became salty and the trial of this case, and the condition of the water did not improve during that time. These facts certainly constitute some evidence that the land had suffered permanent injuries, and an instructed verdict for appellant would not have been authorized. An injury to land may be permanent, as that word is understood in law, without being perpetual. Ry. Co. v. Wallace, 74 Tex. 581, 12 S. W. 227; Cosden Oil Co. v. Sides (Tex. Civ. App.) 35 S.W.(2d) 815, and authorities there cited.

The judgment of the trial court will be affirmed.