## PETERS PETROLEUM CORP. v. ALRED.

No. 20898. Opinion Filed April 19, 1932.

Leahy, MacDonald, Maxey & Files, for plaintiff in error.

Wilson & Duncan, for defendant in error.

RILEY, J. This is an appeal from the judgment in favor of defendant in error, hereinafter referred to as plaintiff, against plaintiff in error, hereinafter referred to as defendant, in an action to recover damages alleged to have been caused by negligence of defendant in allowing salt water and oil to escape from its wells, whereby plaintiff's

cattle were killed or damaged by drinking such salt water and oil.

Plaintiff in his petition alleges that in 1928, he was in the peaceable, quiet, and undisturbed possession of certain lands in Osage county, including the northeast quarter of section 27, and the northwest quarter of section 26, township 25 N., range 9 E., and occupying and using same as a pasture for grazing cattle without any objection on the part of the owner thereof. During said year defendant was engaged in the oil and gas mining business on both of said quarter sections; that about July 6, 1928, the defendant, while operating on said northeast quarter of section 27, negligently, wrongfully, unlawfully, and wantonly caused and permitted large quantities of salt water and other refuse to escape from its wells and permitted the fence inclosing said wells to be cut and let down, whereby plaintiff's cattle obtained access to and drank of the salt water and other refuse, thus causing the damages sued for. He also alleged, in substance, that defendant had, with plaintiff's consent, about July 1, 1928, acquired an agricultural or surface right lease on the said northeast quarter of section 27.

Defendant answered by general denial and admitted that it was the owner of an oil and gas mining lease, and also an agricultural lease on said quarter section. It further alleged that plaintiff was never given permission to graze his cattle on said land, and that if plaintiff did so graze his cattle, he was a trespasser, and that plaintiff permitted his cattle to go upon the land without any permission whatever and that if said cattle did, while upon said land, drink salt water, etc., it was due to the willful negligence of plaintiff in permitting his cattle to trespass upon the property of defendant.

Plaintiff replied by general denial.

The issues thus joined were tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.

There are several assignments of error, but it is only necessary to consider the fourth and fifth assignments, which are that the court refused to sustain defendant's demurrer to plaintiff's evidence, and that the court erred in refusing to sustain the motion of defendant for an instructed verdict at the close of all the evidence.

The uncontradicted evidence shows that defendant was the owner in fee of the southwest quarter of the northwest quarter of section 26, and had been since 1927, operating certain oil wells thereon; that it was also the owner of an oil and gas mining

lease on the northeast quarter of section 27, adjoining its 40 acres in section 26, on the west. That about June 1, 1928, defendant, being desirous of commencing developments on the northeast quarter of section 27, obtained an agricultural or surface right lease thereon from the owner. That the 40 acres owned in fee by defendant were under separate fence, and that before commencing a well on and near the southeast corner of the northeast quarter of section 27, defendant fenced off about five acres in the southeast corner surrounding that well and including the location where a second well was afterwards drilled. That the first well was completed shortly prior to June 30th, and that the second well was commenced about July 1st. That in moving the boiler to the second location it was necessary to take down the fence just north of the location in order to move the boiler to its proper site, which was about ten feet south of the fence. The fence was permitted to remain down at this point for a few days, and thereafter the fence was moved some 20 feet north to allow more room between the fence and the boiler.

Plaintiff's evidence was that on or about July 6, 1928, some 50 head of his cattle, including some calves, went through the fence and drank salt water and oil, either out of tanks or ponds located upon the small tract inclosed by the fence, or wandered through a gate between that tract and defendant's 40-acre tract, which was left open much of the time, and obtained the salt water and oil, as a result of which four of his cows died and others were injured.

The evidence was in sharp conflict as to whether or not any oil or salt water was ever permitted to escape from either of the wells on section 27, where plaintiff's petition specifically alleged the cattle obtained the salt water and oil. There is no evidence whatever that any salt water or oil was permitted to escape from that tract of land to any other tract of land. Plaintiff's case was based wholly upon the alleged negligence of defendant in failure to keep its wells and salt water ponds fenced so as to prevent plaintiff's cattle access thereto. There was no allegation of claim made that defendant at any time had any agreement with plaintiff to fence said wells. Plaintiff wholly failed to prove any consent of defendant to permit him to graze his cattle on the northeast quarter of section 27, after defendant had acquired the agricultural lease thereon, or that defendant had knowledge that he was so grazing his cattle. There is no evidence that defendant or any of its agents ever knew of plaintiff's

cattle being grazed upon the land, or ever saw any of them within the enclosure mentioned.

The trial court refused to sustain a demurrer to plaintiff's evidence and denied the motion for a directed verdict apparently upon the ground that it was the duty of the defendant to enclose the premises where the wells were being operated with a fence so as to prevent plaintiff's cattle from entering thereon.

Plaintiff cites Midland Valley Ry. Co. v. Rippe, 61 Okla. 314, 161 P. 233, as authority upholding the ruling of the court. That case is not controlling, for the reason that therein it was shown that the poisonous substances which caused the injuries to the plaintiff's cattle were kept in a dipping vat on the right of way of the defendant company and were permitted to escape therefrom and form in pools on the right of way and flow therefrom onto the adjacent pasture land of the plaintiff. The law required the railway company to fence its right of way, except in cities and towns. The negligence there charged was that the right of way was not properly fenced, and also that defendant permitted the poisonous substances to escape and flow onto the lands of the plaintiff.

In the instant case there is no statute that requires an oil company to maintain a fence around its premises where it is operating for oil, and there is no claim and no evidence that defendant permitted salt water or oil to escape from its premises and flow over or upon the land of plaintiff or any other person.

M., K. & T. Ry. Co. v. Rose, 61 Okla. 156, 160 P. 734, is also cited and relied upon. Therein defendant company was held liable, although the plaintiff's cow was poisoned while running at large and obtained the poison on defendant's right of way at a place within the corporate limits of a town where the law did not require the right of way to be fenced. But the theory upon which the railway company was held liable was not for its primary negligence, but that it or its agents had knowledge of the fact that the plaintiff's cow was running at large on the commons near the tank car from which the poisonous substances were leaking. It was therein said:

"When, with this knowledge, this poisonous fluid was permitted to escape from the tank and accumulated in a pool accessible to the cow, and no steps were taken to prevent her from drinking it, the company failed to discharge the duty it owed her, even though she was, as contended by the plaintiff in error, a trespasser, viz., 'to exercise only ordinary care to avoid injuring her.' Whether the company exercised ordinary care to prevent injury to the cow after the discovery of her peril was a question for the jury, and their finding was that it did not, and there is evidence to support this finding."

It will thus be seen that the doctrine of negligence after discovered perils was there applied.

There is neither plea nor evidence under which that doctrine could be applied in the instant case.

The reason for the doubt expressed in M., K. & T. Ry. Co. v. Rose, supra, as to whether or not it would be presumed from a mere absence of proof on the question that the herd law was in effect in Osage county has been removed by the enactment of section 3973, C. O. S. 1921, as amended by section 1, ch. 116, S. L. 1925, which expressly requires the owner of all domestic animals to restrain the same from running at large except in certain counties therein named. Osage county is not one of the excepted counties.

Under the pleadings and evidence, treating the petition as amended to conform to the proof, there is no primary negligence shown, and the motion for an instructed verdict should have been sustained.

The judgment of the trial court is reversed, and the cause is remanded, with directions to enter judgment for the defendant.

HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CULLISON, J., absent. CLARK, V. C. J., dissents.