**JOYNER et al. v. R. H. DEARING & SONS et al.**

No. 3601.

Court of Civil Appeals of Texas. El Paso.

Dec. 23, 1937.

McEntire, James & Shank, of Tyler, for plaintiffs in error.

Caves & Waldrop, of Henderson, for defendants in error.

NEALON, Chief Justice.

Willis R. Dearing, surviving member of the partnership of R. H. Dearing & Sons, brought this suit against D. C. Joyner and wife, Moranda Joyner, G. C. Joyner, Evie Joyner, and L. L. Joyner. For convenience both plaintiff and the partnership are hereinafter styled "plaintiffs."

Plaintiffs sought a permanent injunction against defendants to prevent interference with the erection of a house on certain described land. Plaintiffs are the assignees of the rights acquired by one Tautenhahn under an oil and gas lease; and it is under and by virtue of the provisions of said lease that plaintiffs claimed the right to erect said house, which plaintiffs asserted it was necessary to build in order that plaintiffs might keep an employee upon said land for the purpose of properly taking care of the products produced from said land and to protect plaintiffs' property from damage by fire, theft, and in other ways.

Upon hearing the evidence the court granted the prayer for permanent injunction, limiting its protection, however, to a house within and upon the west 7½ acres of the leased tract of 15 acres, said house "to be located east of the creek running through said tract of land, and south of the oil storage tanks now located on said tract of seven one-half (7-1/2) acres of land, and as near the south boundary line of same as may be done without for that purpose cutting any of the trees on said land standing north of the south boundary line of same, said house to consist of lumber and metal and such like usual and customary building material, to be not more than one story in height, to be not more than twenty (20) feet wide and not more than twenty-four (24) feet long, but in addition thereto may have one porch extending not more than six (6) feet outward from and not more than ten (10) feet along said house," the use of said house to be confined to "such employee and employees, and those, if any, constituting the immediate family of such employee and employees, of the said R. H. Dearing & Sons as from time to time may be by said R. H. Dearing & Sons placed in charge of and charged with the duty and responsibility of guarding, caring for, preserving, maintaining and operating said land and premises, and the tools, machinery, material, supplies, appliances and

equipment placed and located thereon by the said R. H. Dearing & Sons, and their successors in title, as pertaining to and appropriate in exploring, drilling, mining and operating for oil and gas and of laying pipe lines and of building tanks, power stations and structures on said land and premises to produce the oil and gas therefrom and to save, care for and dispose of such oil and gas so produced, same to be placed, occupied and used, only as herein provided, and not otherwise."

The judgment further adjudged in plaintiffs the "right to erect and maintain on said land and premises a good and substantial fence so placed and erected as to enclose therewith said house when and as erected as provided in the next preceding paragraph 6 hereof and the producing oil wells and the separators, storage tanks and the like supplies, appliances and equipment now placed and located on said land and premises as pertaining to the production of oil and gas therefrom, and the care and disposition of same, but such fence to enclose no more of said tract of land than is fairly and reasonably necessary for such purpose"; and likewise enjoined defendants from "preventing or prohibiting either the said R. H. Dearing & Sons, or their successors in title, or either of them, from erecting and using said fence."

Defendants as plaintiffs in error seek a review of said judgment.

The case was tried by the court without the aid of a jury. Findings of fact and conclusions of law were filed.

Said oil lease granted rights in 15 acres on the north side of a 78-acre tract. The grant was "for the sole and only purpose of exploring, drilling, mining, and operating for oil and gas and of laying pipe lines and of building tanks, power stations and structures thereon to produce, save and take care of said products."

Among other fact findings were these: Plaintiffs have drilled two oil wells upon said land and have fully equipped the same with the usual and necessary casing, pipes, tubing, valves, connections; they have placed thereon three metal storage tanks, two with a capacity of 500 barrels each and the third with a capacity of 1,000 barrels; they have also constructed a surface pit for the purpose of draining into same and burning the slush, sediment and like settlings and accumulations from oil produced on said land; oil is being produced from each of said wells and will be produced therefrom for sometime to come; that "for all purposes of exploring, drilling, mining and operating for oil and gas, and of laying pipe lines and of building tanks, power stations and structures within and upon said tract of land to produce, save and take care of the oil, gas and other minerals produced from same under and by virtue of said oil, gas and mineral lease, and for the purposes of guarding, caring for, preserving, maintaining and operating said land and premises, and the tools, machinery, material, supplies, appliances and equipment placed and located thereon as pertaining thereto and appropriate therefor it is necessary that same be supervised and operated by and be in the immediate custody and control of the said R. H. Dearing & Sons or some adult person in their employ, and that a house be erected upon said tract of land available for such occupancy and use at all times by such person, such house to consist of lumber, metal and such like usual and customary building material, to be not more than one story in height and and not more than twenty feet wide and not more than twenty-four feet long, with an appropriate entrance porch." The same finding as to necessity was made respecting the fence.

## Opinion.

Plaintiffs in error attack the judgment upon two grounds: (1) That by the terms of the lease defendants in error acquired no right to erect either the house or the fence; (2) because said judgment provides that "such fence to enclose no more of said tract of land than is fairly and reasonably necessary for such purpose," and is consequently vague, uncertain and indefinite, and, therefore, said judgment is void and unenforceable.

To determine whether the first contention possesses merit it is necessary to consider the nature and the purposes of the grant, and the facts as to whether the structures sought to be protected are reasonably necessary to its full enjoyment. An instrument of the character here involved segregates the estate in land as to minerals and conveys a determinable estate in the land as pertaining to such minerals. Texas Co. v. Daugherty, 107 Tex. 226, 176 S.W. 717, L.R.A.1917F, 989; Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290, 29 A.L.R.

1112

566; Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S.W. 296, 29 A.L.R. 607; Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021, 80 S.W.2d 741.

The estates of the owner of the minerals and of the owner of so much of the surface as is not necessary to the enjoyment of the grant to an estate in the minerals are of equal dignity, and there can be no merger of one with the other. Humphreys-Mexia Co. v. Gammon, supra.

■■ The lessees acquire rights to the surface superior to those retained by the lessor to the extent that they are necessary to a full enjoyment of the grant. Gregg v. Caldwell-Guadalupe Pick-Up Stations, Tex.Com.App., 286 S.W. 1083; Humble Oil & Refining Co. v. Woods, Tex.Civ.App., 277 S.W. 152; United North & South Oil Co. v. Mercer, Tex.Civ.App., 286 S.W. 652; Mid-Texas Petroleum Co. v. Colcord, Tex.Civ.App., 235 S.W. 710.

If, therefore, the erection of the house and fence are reasonably necessary to the full enjoyment of the right to produce oil from said premises "and to erect structures thereon to produce, save and take care of the oil and gas produced," the court was not in error in issuing the writ of injunction. This was a question of fact which the court, upon sufficient evidence, determined in favor of plaintiffs in the court below. We think we would not be justified in disturbing this finding. If the oil is to be produced and sold profitably, the instruments and instrumentalities of production, storage, and transportation, must be safeguarded against loss by theft and fire and other causes.

■ We think the second objection urged by plaintiffs in error is sound. The object of the judgment is to protect the plaintiffs' possession of that area over which they have a superior claim by reason of its being essential to the protection of their property. Violation of the court's order would subject the violator to punishment for contempt of court. This prohibition against interference can extend only to a limited amount of the land. That amount is being carved out of a larger tract. It is necessary, therefore, that its bounds be fixed with certainty, that those interested may know their rights to concurrent or exclusive use of the remaining land. As the judgment now reads there is a question of fact which must be settled before the judgment can become enforceable. The location of the fence should be

stated with the same certainty that characterizes the statement of the permissible dimensions of the proposed house. Patterson v. Bryant, Tex.Civ.App., 191 S.W. 771; Freeman on Judgments, 6th Ed., § 96.

It is somewhat doubtful if the plaintiffs' pleadings are sufficiently comprehensive to authorize so much of the judgment as pertains to the erection of the fence.

On account of the error pointed out, judgment is reversed. and remanded.