## PITZER & WEST v. WILLIAMSON.
### No. 14330.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 6, 1942.

Rehearing Denied March 6, 1942.

Fred T. Arnold and E. M. Remington, both of Graham, for appellants.

McFarlane & McFarlane, of Graham, for appellee.

McDONALD, Chief Justice.

This is a suit for damages to livestock owned by plaintiff from drinking refuse near oil wells operated by defendants.

In 1928 the land owners, W. W. Williamson and wife, leased a tract of 320 acres in Young County to C. W. DeFreest for oil and gas purposes, executing an oil and gas lease in the usual form.

The pleadings and the undisputed testimony are sufficient to establish that the defendants, the assignees of the oil lease, drilled four producing wells on the property soon after the lease was executed. Eventually three of the wells were plugged, and one of them is still producing from five to ten barrels of oil per day. The plaintiff, a grandson of the original land owner, has been a tenant in possession of the property for most if not all of the time the oil lease has been in effect, using the land for farming and stock-raising purposes. Defendants maintained oil storage tanks near the wells, and also maintained some earthen pits, referred to by the parties as slush pits, into which it had been customary to drain refuse from the oil tanks. It seems not to be disputed that this practice was necessary in the operation of the wells.

Although plaintiff in his brief discusses at some length an alleged promise on the part of the oil operators to build fences around the slush pits, the sole issue of liability submitted to the jury was whether defendants were negligent in failing to build fences around the slush pits during the year 1939. During 1939 plaintiff had turned some sheep into the field where the slush pits were located, and had built some feed troughs a short distance from the slush pits, where the sheep were fed. According to his own testimony, as well as that of agents of the defendants, plaintiff discussed with defendants' agents the matter of fencing the slush pits before any of the alleged damage to the livestock was suffered.

■ We have been cited to no authority, nor have we found any, discussing the duty of an oil operator to fence the area used in his operations in order to keep out livestock owned by the lessor. In the present case, unless there was a duty upon the part of the lessees to fence the area involved in their oil operations, there could have been no negligence in failing to do so.

■ According to the authorities it appears that the lessee has the dominant estate and the lessor has the servient estate in so much of the leased premises as may be required in the oil operations provided for in the lease. Gulf Production Co. v. Continental Oil Co., Tex.Sup., 132 S.W.2d 553; Joyner v. R. H. Dearing & Sons, Tex.Civ.App., 112 S.W.2d 1109. The same authorities also hold that the rights of each must be exercised with due regard to the rights of the other. The lease in question contains no express provision with reference to fencing the area used by the lessee.

We do not find it necessary to undertake to lay down any general rule with reference to the duty, if any, of the lessee to fence the area being used by him when the machinery, tanks, or other articles thereon might become dangerous if livestock of the owner should come upon such portion of the leased premises.

In the present case it appears from the undisputed evidence that for a number of years prior to the time the livestock in question were injured the lessees knew of the farm and livestock operations of the plaintiff, and tenant of the land owner, and also that the tenant knew of the oil operations of the lessees and of the presence of the slush pits and of their dangerous character so far as livestock were concerned. It seems to be undisputed that no livestock had ever been injured before the year 1939, when one calf was killed at one time, about 20 sheep were killed at another time, and a number of other sheep were damaged. All of these injuries appear to have occurred during the months of August and September.

■ The sole issue of liability submitted to the jury was whether defendants were negligent in not maintaining fences around the slush pits in question during the year 1939. We are not able to find anything from the agreement of the parties, or from the particular circumstances of this case, which would impose upon the lessees any duty to maintain the fences in question during the year 1939, and hence there could be no predicate for the jury's finding of negligence.

■ Although the jury found that the plaintiff was not guilty of contributory negligence in turning his sheep into the particular field and in feeding them at a point near the slush pits, it is our opinion that the undisputed facts of the case establish that plaintiff was guilty of such contributory negligence. It is undisputed that plaintiff had been using the premises for several years prior to 1939, that he was entirely familiar with the situation, that he considered that his sheep might be injured from drinking rainwater which had fallen into the pits, but that he nevertheless turned the sheep into the premises and fed them near the slush pits in question. His recovery cannot be based upon the alleged promise of the lessees to build the fences for at least two reasons. In the first place, the only promise in the testimony was that of the defendants' agent to build when they got time to do so. In the second place, not having submitted this theory of recovery to the jury, it must be considered that the plaintiff waived it.

For the reasons indicated, we hold that the defendants' motion for an instructed verdict should have been granted.

The judgment of the trial court is reversed and judgment is rendered for appellants.

### On Motion for Rehearing.

The following decisions have come to our attention since we wrote our original opinion, and they are, we consider, in point on the questions involved: Peters Petro-

leum Company v. Alred, 156 Okl. 249, 10 P.2d 705; Magnolia Petroleum Company v. Howard, 182 Okl. 101, 77 P.2d 18, and Pure Oil Company v. Gear, 183 Okl. 489, 83 P.2d 389.