## PLACID OIL CO. v. LEE.
### No. 2904.

Court of Civil Appeals of Texas. Eastland.
Nov. 2, 1951.

Park & Hemphill, Snyder, for appellant.

C. F. Sentell, Snyder, for appellee.

GRISSOM, Chief Justice.

J. E. Lee was the lessee of the surface of a tract of land. Placid Oil Company was the assignee of an oil and gas lease on the same land, which was executed and recorded before Lee acquired his lease. The oil company drilled a producing well on said land. Lee sued the oil company for damages and obtained a judgment for $350.00. The oil company has appealed.

Lee alleged that in 1949, he was a tenant on 284 acres of land; that Placid Oil Company entered thereon and drilled a well; that in making its location, placing equipment on the land, making roads and pursuing drilling operations the oil company damaged him in the use and enjoyment of said land in the sum of $600.00. The damages specifically alleged were as follows:

"1. Damages to plaintiff on account of two (2) oil slush pits — $200.00
2. Ground for location for well — 150.00
3. Location for battery tanks — 100.00
4. Location for battery waste tank — 50.00
5. Water well location — 50.00
6. Damage for placing pipe line in roadway to field — 25.00
7. Roadway across land to well — 25.00."

The lease under which appellant acted provided that it should have the right to drill for, produce, save, market and store oil and construct roads, pipelines, tanks, stations, structures, fixtures and other improvements on said land, together with all other rights incident thereto or convenient for the economical operation of said land, with the right to use water therefrom for all such purposes. The lease provided that the lessee or its assign should, when requested by lessor, bury its line below plow depth and that the location of wells and the extent of operations, and all matters incident thereto should be only such as the lessee in the exercise of its business judgment deems best. It is apparent that appellant had the right to use the land for the purposes mentioned in plaintiff's pleadings quoted above. 31-A Tex.Jur. 210.

Although not specifically alleged, Lee sought to recover damages because oil escaped and ran onto the farm land covered by both leases. Producing and storing oil was not wrongful but expressly permitted. Such were essential purposes of the oil lease. In Turner v. Big Lake Oil Co., Tex. Sup., 96 S.W.2d 221, 222, our Supreme Court held that, under such a situation, allegations and proof of specific acts of negligence were required. Negligence was not alleged. No evidence of negligence has been found and none has been pointed out. See Cosden Oil Co. v. Sides, Tex.Civ.App., 35 S.W.2d 815, 817; Indian Territory Illuminating Oil Co. v. Rainwater, Tex.Civ. App., 140 S.W.2d 491, 492 (Writ Dis.); McCarty v. Hogan, Tex.Civ.App., 121 S.W. 2d 499 (Writ Dis.).

There was no allegation that the oil company used more of the land than was reasonably necessary to do the things it had a right to do under the lease. Lee took his surface lease subsequent to the execution and record of the oil and gas lease. The assignee of the oil lease owned the dominant estate in the land for the purposes of drilling for, producing, storing and mar-

keting oil therefrom. It had the right to use as much of the surface of the land, and to use it in such manner, as was reasonably necessary to effectuate the purposes of its lease. West Central Drilling Co. v. Malone, Tex.Civ.App., 219 S.W.2d 601, 602; Pitzer & West v. Williamson, 159 S.W.2d 181, 182 (Writ Dis.); 31–A Tex.Jur. 206, 211; Joyner v. R. H. Dearing & Sons, Tex.Civ.App., 112 S.W.2d 1109, 1112; Sinclair Prairie Oil Co. v. Perry, Tex.Civ.App., 191 S.W.2d, 484; Brazos River Conservation and Reclamation District v. Adkisson, Tex.Civ. App., 173 S.W.2d 294, 298 (Writ Dis.); Cozart v. Crenshaw, Tex.Civ.App., 299 S.W. 499, 504.

■ After a careful study of the record we have concluded that the evidence is insufficient to sustain the amount of the judgment. The matter complained of in appellant's first point will probably not occur upon another trial.

The judgment is reversed and the cause remanded.