**Maurice COHEN, Appellant,**

**v.**

**J. I. HAILEY, Appellee.**

**No. 12853.**

Court of Civil Appeals of Texas.

San Antonio.

May 18, 1955.

Rehearing Denied June 22, 1955.

Lang, Byrd, Cross & Ladon, San Antonio, for appellant.

Keys, Russell, Keys & Watson, Corpus Christi, Brewer, Matthews, Nowlin & Macfarlane, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

On or about November 12, 1951, Maurice Cohen entered into an agreement with J. I. Hailey to purchase some 93 head of cattle. These cattle were classified and priced as follows: 80 steers, 28c per pound, 2 bulls, 25c per pound, 7 cows, 20c per pound, 4 calves, 30c per pound. The cattle were to be delivered at Valentine, Texas, on or about November 19, 1951. Cohen purchased these cattle without having seen them and agreed that they should be delivered to him at Valentine, Texas, by Hailey and shipped from Maurice Cohen, Valentine, Texas, to Maurice Cohen, Brush, Colorado. Cohen had these cattle resold to a party at Brush, Colorado, but when the cattle arrived in Denver, Colorado, they were turned down by the prospective purchaser and were forced upon the market and sold at a loss. The proceeds of this sale were turned over to Hailey under an agreement that this should not prejudice either party.

This suit is by Hailey against Cohen for the difference between the contract price and the price which the cattle brought when placed upon the market and sold in Colorado. There is no controversy as to the bulls, cows and calves, so they need not be further mentioned. The only real controversy in this case arises in this manner: Hailey contends that the only representation he made to Cohen with reference to the 80 head of steers was that they were good stocker steers, that about one-third of them were Hereford steers and the rest of them were cross-breed steers; while Cohen contends that Hailey represented to him that the 80 steers were "Hereford and Beefmaster steers, all of Hailey's own raising." The evidence shows that about 10 of the steers were not of Hailey's own raising. The evidence further showed that it is important to a purchaser, who buys cattle without having seen them, to know whether the cattle are of a cattleman's own raising or are cattle which he had purchased. The cause was submitted to the jury on eight special issues and judgment rendered in Hailey's favor against Cohen in the sum of $7,263.19, together with interest, from which judgment Cohen has prosecuted this appeal.

Appellant contends that the court erred in rendering judgment on the verdict in favor of Hailey, and thereby disregarding the jury's answers to Special Issues Nos. 3 and 4. The jury, by their answers to the special issues submitted, made the following findings: First, that Hailey represented to Cohen "that he had for sale about 80 good stocker steers, that about one-third of them were Hereford steers, and that the rest of them were cross-breed steers." Second, that the steers delivered to Cohen were "good stocker steers and that about one-third of them were Herefords and the rest of them cross-breeds." Third, that Hailey did not represent to Cohen that about ten of the steers "were white-faced Herefords that he had bought through the auction ring at Kenedy, Texas." Fourth, that Hailey did not represent to Cohen that most of the steers were of his own raising, "or that all of the steers except about 10 were of his own raising." Special Issue 5 was not answered, and Nos. 6 and 7 relate to the bulls, cows and calves, and are unimportant here. Eighth, that Hailey did not represent to Cohen that the "80 steers were Hereford and Beefmaster steers all of his own raising." Thus the jury, in answer to Issue No. 1, upheld the contention of Hailey and in answer to Issue No. 8, did not agree with the contention of Cohen.

■ It would appear on the face of things that the jury's answers to Issues Nos. 3 and 4 were unimportant, and in no way conflicted with other findings of the jury, and the court was justified in rendering the judgment which it did render upon the verdict. It is apparent that if Hailey told Cohen that 10 of the steers were purchased by him at Kenedy, then Cohen purchased the steers with this knowledge and could not complain of the matter, and if Hailey did not tell him of this fact then it is unimportant, unless it was Hailey's duty to so inform Cohen when he purchased these cattle. This is exactly the contention that Cohen is making. He contends that there is a general custom and usage in the cattle industry to the effect that when a purchaser buys cattle which he has never seen, from a cattleman who is engaged in the business of raising cattle, he has a right to presume that the cattle being sold are of the cattleman's own raising, and if they are not it is the duty of the cattleman to so inform the purchaser. This general custom was not plead and, therefore, Cohen does not have a right to rely on it as a part of his contract of purchase. In 42 Tex.Jur. 861, Uses and Customs, § 26, the following statement is made: "Before a custom can be treated as entering into and forming a part of a contract and affecting the rights of the parties thereto, such custom must be pleaded." See, also, Spaeth & Co. v. Bevering, Tex.Civ.App., 290 S.W. 802; Patton v. Texas & P. R. Co., Tex.Civ.App., 137 S.W. 721; Warren Petroleum Corp. v. Martin, Tex.Civ.App., 265 S.W.2d 199, reversed on other grounds Tex., 271 S.W.2d 410.

■ Appellant, Cohen, contends that appellee's pleadings were sufficient to raise the issue of this custom among cattlemen. We cannot agree. All that appellee, Hailey, pleaded along this line was that he "owns and operates a ranch in Live Oak County, Texas, where he raises cattle primarily of his own breeding, but occasionally he purchases other cattle which he pastures on his ranch. For some eight or nine years now plaintiff has been raising cross-bred cattle in addition to some Hereford, some Brahma and some Beefmaster cattle. The cross-bred cattle are mixtures of the just named breeds and also mixtures which are the result of crossing those breeds with other good breeds of cattle, such as Santa Gertrudis, Scotch Highlander and Shorthorn. Plaintiff has sold such cross-bred cattle for several years on the market at San Antonio through various commission houses." These allegations fall far short of alleging that a cattleman offering to sell cattle must disclose to a prospective purchaser, who has not seen the cattle, that they are not of his own breeding, if such be the fact, and that unless he does make such disclosure the purchaser has the right to presume he is purchasing cattle of the seller's own breeding. There is no pleading, no evidence and no finding of the jury that such a custom exists. The matter was not submitted to the jury nor did appellant request that such an issue be submitted.

■ In the absence of a finding that such a custom did exist, the jury's findings, in answer to Issues Nos. 3 and 4, to the effect that appellee did not represent to appellant that about 10 of the steers were white-faced Herefords that he had bought through the auction ring at Kenedy, Texas, and did not represent that most of the steers were of his own raising or that all of the steers except about 10 were of his own raising, were immaterial, and the trial court properly disregarded such findings in rendering judgment on the verdict.

■ Appellant also contends that the cause was not fairly submitted to the jury, because it was a "heads I win and tails you lose" proposition. It was the duty of appellant, if he so regarded the charge, to have excepted to it for this reason before it was read to the jury. Appellant made no such exception to the charge, and in the absence of such an exception, he cannot raise the question for the first time on appeal.

The judgment of the trial court is affirmed.