**ARNOLD H. BRUNER & COMPANY,**
Appellant,

v.

**M. L. McCAULEY, Appellee.**

No. 3410.

Court of Civil Appeals of Texas.

Eastland.

Nov. 28, 1958.

Lyne, Blanchette & Smith, Erich F. Klein, Jr., Dallas, for appellant.

R. J. Balch, Seymour, for appellee.

WALTER, Justice.

M. L. McCauley filed suit against Arnold H. Bruner & Company for surface damages for using more of his land than was reasonably necessary in its drilling operations. A jury's verdict was favorable to McCauley and judgment was entered for him against Bruner & Company for $600.

Bruner & Company has predicated an appeal from such judgment on seven points of error which are substantially as follows: the error of the court in awarding damages based on unreasonable use of more land than was reasonably necessary because there was no evidence to support such a recovery, and in rendering judgment in favor of appellee for $600 because there was no evidence to sustain a recovery of $600. Other points assert the verdict is against the great weight and preponderance of the evidence and another asserts error in overruling a special exception directed at appellee's allegations of damages. Another point asserts the error of the court in submitting the damage issue because appellee failed to prove the proper measure of damage.

We find there was sufficient evidence to support the jury's affirmative answer to the special issue which inquired if appellant used more land than was reasonably necessary, but, we have reached the conclusion this judgment must be reversed because there is no evidence to support the jury's answer of $600 to the damage issue.

Appellee in the trial of the case recognized the well settled rule of law that the lessee in an oil and gas lease has the right to use as much of the surface as is reasonably necessary to carry out the purpose of its lease. See Placid Oil Company v. Lee, Tex.Civ.App., 243 S.W.2d 860.

The appellee had the burden of proving not only that appellant used more land than was reasonably necessary in its drilling operations, but also the burden of proving his damages with sufficient certainty to enable a jury to compute them. When asked: "Now you've alleged in your petition that you sustained damage to your wheat out there and to your field, in your own words, I would like for you to tell the jury what those damages consist of, that is, to the wheat that you harvested, if any, and to the land, and all about it.", the appellee answered: "Well, I just don't know what or how much they damaged me but I made 20 bushels of wheat last year on this ground * * * that was average on that patch of wheat * * * I don't know what it would have been if they hadn't damaged it." After introducing evidence to establish that appellant used more land than was reasonably necessary in its drilling operations on his wheat land, it was incumbent upon appellee to introduce evidence of the value of wheat at the time and place it was damaged. "The proper measure of damages for the wrongful destruction of a growing crop is the value of the crop just as it stood on the ground at the time and place of its destruction, such value to be determined by the probable yield of the crop and its reasonable market value when matured, less the cost of cultivating, harvesting and marketing." 13 Tex.Jur. 42. "In case of partial injury to a crop, the measure of damages is the difference between the value of the property immediately before and immediately after the injury, together with interest on the amount to the time of the trial." 13 Tex. Jur. 44.

It was also incumbent upon the appellee to introduce some evidence of probative value of the difference between the actual cash market value of his land immediately preceding the injury and such value immediately thereafter in order to establish his damages for permanent injury to his realty, and, also, if he sustained

temporary injury to his land, it was incumbent upon him to introduce evidence of the cost of the necessary repairs to put his land in the condition it was in immediately preceding the injury. We find no evidence in this record of the cost of cultivating, harvesting and marketing wheat; no evidence of the market value of his land before and after the injury, and no evidence as to the cost of repairing temporary damage. Before appellee could recover damages from appellant for its failure to properly fill the slush pits and clean the area around the drilling sites, it would be necessary for the appellee to first show a duty on the part of appellant to fill said slush pits and clean the area around the drilling sites. We find no evidence of this in the record.

Because the evidence was not fully developed, the judgment of the trial court is reversed and remanded.