Martin BRANDT, Appellant,

v.

Ernest BERRY, Appellee.

No. 13878.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 7, 1962.

Earle Cobb, Jr., San Antonio, for appellant.

Bruce Waitz, Leslie J. Bretz, San Antonio, for appellee.

POPE, Justice.

Martin Brandt appeals from a judgment for $3,066.39, which held that he converted turkeys which were mortgaged to Ernest Berry. Berry also recovered judgment against the mortgagor who did not appeal. Brandt urges that the trial court erred (1) in failing to submit several requested issues concerning the status of the account between the mortgagor and Berry, the mortgagee; (2) in failing to admit evidence about a local custom with respect to the sale of mortgaged turkeys, and (3) in failing to admit evidence of loss of profits to the mortgagor by reason of Berry's breach of contract with the mortgagor. We affirm the judgment.

■ The mortgagor raised turkeys in Bexar County. During 1954, Berry supplied the mortgagor with turkeys and feed. To secure the account, on July 13, 1954, the mortgagor executed a note and mortgage to Berry in the sum of $12,000. The mortgage was recorded in Bexar County on that date. The mortgage covered future advancements for turkeys, feed and supplies. The mortgagor reduced the debt by several payments, some of which were disputed, and some of which were not. The jury, upon the basis of the evidence, found that the mortgagor had made payments of $1,000, $500, and $5,222.68. The last sum was paid in December, 1954, when the mortgagor sold more than a thousand turkeys to a processor who made his check payable to both the mortgagor and mortgagee. During that same month, the mortgagor sold 470 turkeys to Brandt for $2,952.39, but Brandt did not make his checks payable to the mortgagee. The mortgage was at that time recorded and Berry, the mortgagee, lost that sum. Berry had an action for conversion against Brandt, the purchaser of the mortgaged turkeys, because Brandt had constructive notice of the mortgage. Moore v. Carey Bros. Oil Co., Tex.Com.App., 269 S.W. 75, 39 A.L.R. 1247; Scaling v. First National Bank, 39 Tex.Civ.App. 154, 87 S.W. 715.

■ Brandt's first complaint is that the court failed to submit certain requested issues, with respect to the items which Berry advanced to the mortgagor. It is his contention that the mortgagor had discharged a greater part of the debt and did not owe as much as the turkeys were worth. The court did not submit an issue upon each item revealed by the account. It submitted issues upon seven items. Those matters were the only ones which were disputed. The reason it did not submit issues on the others is that the mortgagor admitted receipt of those advances, and there was no dispute about them. The evidence supports the findings and the judgment that the mortgagor owed the mortgagee the amount which he received from Brandt for the turkeys. The additional $54.00 is interest.

■ Brandt complains because the court excluded evidence that, by custom in the San Antonio area, holders of mortgages inform turkey processors in writing that they hold a mortgage. This was offered as

justification for the purchase of the mortgaged turkeys without recognizing the rights of the mortgagee. The objection to the evidence was that Brandt did not plead local custom. The exclusion was proper. Cohen v. Hailey, Tex.Civ.App., 280 S.W.2d 300; Thannisch Chevrolet Company v. Kline, Tex.Civ.App., 134 S.W.2d 433; 42 Tex.Jur., Usage and Custom, § 26.

Brandt also urges that Berry breached his contract with the mortgagor in failing to send him an additional 400 turkeys, and that the mortgagor lost profits by reason of this failure. He seeks to offset these lost profits by the mortgagor against the debt owed by the mortgagor. In the record before us, we find no pleadings which suggest or raise the issue.

We have examined and overrule the other points.

The judgment is affirmed.