WARREN PETROLEUM CORPORATION V. J. W. MARTIN

No. A-4585. Decided July 21, 1954.
Rehearing overruled October 6, 1954.
(271 S.W. 2d Series 410)

466

*Nelson, Montgomery, Robertson & Sellers* and *Allan D. Montgomery,* all of Wichita Falls, for petitioner.

The Court of Civil Appeals erred in holding that petitioner used more of the surface of the land than was necessary for the operation of the oil and gas lease, there having been no pleading, evidence or issue submitted on that question. Also in holding that recovery could be based on defective equipment or negligence of the oil corporation, in the absence of evidence or pleading to that effect. Turner v. Big Lake Oil Company, 128 Texas 155, 96 S.W. 2d 221; Pure Oil Co. v. Gear, 183 Okla. 489, 83 Pac. 2d 389; Sinclair Prairie Oil Co. v. Perry, 191 S.W. 2d 484.

*Thornton & Thornton* and *R. E. Thornton,* of Olney, for respondent.

In reply to petitioners propositions respondent cites Cameron Compress Co. v. Whitington, 280 S.W. 527; Trinity Production Co. v. Bennett, 258 S.W. 2d 160; Pitzer & West v. Williamson, 159 S.W. 2d 181.

MR. JUSTICE SMITH delivered the opinion of the Court.

The respondent, J. W. Martin, brought this suit against petitioner, Warren Petroleum Corporation, seeking damages growing out of the death and injury of cattle belonging to respondent as a result of negligence of the petitioner. Petitioner's motion for instructed verdict was overruled. The jury, in answer to special issues, found the petitioner guilty of negligence and the respondent not guilty of contributory negligence and assessed damages in the sum of $1,634.36. Judgment was entered in favor of respondent. That judgment has been affirmed by the Court of Civil Appeals for the Second Supreme Judicial District of Texas. 265 S.W. 2d 199.

On July 14, 1948, and at all times involved herein, petitioner was the lessee and operator of an oil and gas lease covering a tract of land consisting of 155.7 acres situated in Young County, Texas. The oil and gas lease was in force and oil was being produced when respondent secured a surface lease on the same land from the owner thereof. The well was located on a tract of about 40 acres out of the larger tract. This tract was under fence and was the portion of land used by respondent as a pasture. Respondent's house and other improvements were within the 40 acre enclosure. The oil well, which was a "pumper" at the time the alleged negligence and resulting damages occurred, was located about ¼ mile from the house. Respondent had visited near the well many times. He knew the well and pump jack were not fenced and he also had heard that cattle would drink oil.

Respondent's cause of action charging negligence on the part of petitioner rests on the following allegation in his pleadings:

"That sometime on or near the first of July, 1952, the exact time of which is not known to plaintiff, but is known to defendant, the pumping equipment on such well was in such defective condition that crude oil pumped from such well belonging to defendant was thrown up and out from such pump, and that through the negligence of defendant, its agents, servants and employees, crude oil was permitted to escape from said well and to gather in pools on the ground near said well and in the cup at the head of such pump where such oil was available to and was reached by and consumed by cattle belonging to this plaintiff. That such cattle of plaintiff during the month of July and the exact times of which are not known to plaintiff, did get such oil and drink same, resulting in the loss and damage as hereinafter set out, and that the defendant was guilty of negligence in the operation, control and care of such lease and well, and in the following manner: In that the defendant permitted oil to escape

from such well on the pumping equipment and on the surrounding ground in such quantities as that cattle belonging to plaintiff as hereinafter set out, could and did secure and drink such oil."

No evidence was introduced to the effect that the pumping equipment was defective, and it was neither alleged nor proved that the petitioner was negligent in using defective equipment. Respondent's and petitioner's pleadings are silent on the question of whether or not petitioner used more land than was reasonably necessary to carry on the oil operations provided for in the oil and gas lease. It is equally true that no evidence was introduced and no issues were submitted to the jury on the question. The Court of Civil Appeals has held, in effect, that the sole fact that oil was found in two pools, one containing about one gallon, the other about one and one half gallons, located about five feet from the well sustains the finding of the jury that petitioner was negligent in permitting the oil to escape, and that such evidence is proof that the pump was defective. The Court of Civil Appeals goes further to hold that under Rule 279 there was a presumed finding by the trial court that the petitioner used more of the surface of the ground than was reasonably necessary for the operation of the oil and gas lease.

■ The mere fact that petitioner permitted oil to escape and form in small pools within 5 feet of the well, without any showing as to the manner in which the lease was being operated at the time, could not form the basis for a legal inference that such conduct constituted negligence. Neither can such fact be used as a basis for a presumed finding that the petitioner used more land than was reasonably necessary to its oil operations. There is no evidence in this record that the petitioner used more land than was reasonably necessary. No issues were submitted to the jury on this question. The court cannot presume a finding unless the evidence supports such a finding. Therefore, respondent cannot recover on such theory.

■ In order to establish negligence in this case it was necessary to show that the act of petitioner in permitting the oil to escape from the pump, as alleged by respondent, involved the breach of some legal duty which it owed to respondent. Carter v. Simmons, Texas Civ. App., 178 S.W. 2d 743. "Negligence or a failure to perform a duty required by law is never presumed as a fact, but must be proved by evidence; and the burden of proving it is on the party seeking a recovery of damages by reason of such negligence or failure of duty." 30 Texas Jur., Sec. 127, p. 800.

■ Petitioner was under no duty to fence the well to prevent respondent's cattle from entering upon the land near the well and drinking oil on the ground. "In the absence of a duty resting upon the lessee to fence places on the leased premises that are dangerous to animals and a negligent breach of that duty, lessee is not liable to the lessor or other person in possession of the premises for injury to such person's cattle, as where their cattle are poisoned by drinking refuse near oil wells operated by the lessee." Texas Jur. 31a, Sec. 132, pp. 213, 214.

■ Respondent contends that the negligence was proved by (1) the fact that the pools of oil were on the ground, and (2) by the testimony of his witness, Irwin Roach. The witness testified that he had never seen the well in question, but had seen other wells in operation; that from his experience and observation "a well pumping oil, throwing oil out 12 or 15 inches up in the air above the coupling, with the wind blowing that oil out over the ground and forming puddles of oil * * *" was not the "usual and customary method of producing, and the precautionary way of producing oil in the Olney territory." This evidence of failure to follow custom, which at the most only shows that the result accomplished was not the usual and customary result, does not aid in proving negligence in the absence of proof that the equipment on the lease was not the equipment customarily used or that the lease was not being pumped or handled in a way that was not customary.

■ The petitioner was lawfully in possession of the premises and being the owner of the dominant estate had the legal right to use so much of the leased premises as were reasonably necessary in its operation to the exclusion of respondent, the owner of the servient estate. Of course each must exercise their respective rights of estate with due regard for the rights of the other. Gulf Production Co. v. Continental Oil Co., 139 Texas 183, 132 S.W. 2d 553; Pure Oil Company v. Gear, 183 Okla. 489, 83 Pac. 2d 389; Carter v. Simmons, supra.

There is no evidence that petitioner intentionally permitted the oil to escape from the pump. The only duty owed the respondent was not to intentionally, wilfully or wantonly injure his cattle. The jury has found that petitioner did not intentionally injure the cattle. It was necessary for respondent to plead and prove that petitioner used more land than was necessary.

In the case of Carter v. Simmons, supra, the plaintiff claimed the the defendant negligently permitted oil to escape from tanks.

The court said that the mere fact that the tanks overflowed alone did not constitute negligence; that the doctrine of res ipsa loquitur did not apply, and that negligence cannot be presumed. The Court held against the claim of plaintiff, saying:

"Assuming, then, that appellant permitted the storage tanks to overflow during both of the months in controversy, was there any evidencee that appellant's conduct in this particular constituted a breach of any duty which he owed to appellees? Under the terms of the leases here involved appellant held the dominant estate and appellees held the servient estate in so much of the leased premises as were reasonably necessary to the oil operations provided for in the leases and each was required under the law to exercise the rights of the estate so held with due regard for the rights of the other. * * * In our opinion, the mere fact that appellant permitted the storage tanks to overflow, without any showing as to what the operating conditions on the leases might have been at such times, could not form the basis for a legal inference that his conduct in this respect constituted negligence on his part or a breach of any duty which he might have owed to appellees under the existing circumstances."

The judgments of the trial court and the Court of Civil Appeals are reversed and judgment rendered for petitioners, except as to damages in the sum of $150 to growing crops and fences. As to this item, the judgment of the trial court is affirmed.

Opinion delivered July 21, 1954.

Rehearing overruled October 6, 1954.