**W. O. BLOCKER, Appellant,**

v.

**WICHITA RIVER OIL COMPANY et al.,**
**Appellees.**

No. 15755.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 2, 1956.

Rehearing Denied Nov. 30, 1956.

**696**

W. C. Shults, Decatur, for appellant.

Arch Dawson, Wichita Falls, for appellee Wichita River Oil Co.

Harold Jones, Wichita Falls, for appellee J. C. Jennings.

RENFRO, Justice.

The plaintiff Blocker, owner of the surface only, sued Wichita River Oil Company and Jennings Drilling Company for damages to the surface of certain land by reason of drilling and operating oil wells.

At the conclusion of the evidence the defendants moved for an instructed verdict, because (a) no negligence was proved; (b) the evidence was insufficient to form a basis for apportionment between independent tort-feasors; (c) no appropriate measure of damages proved; (d) insufficient evidence for determination of damages.

Neither the verdict nor the judgment discloses whether the court instructed the verdict on all grounds urged or on one or more of such grounds.

The only point of error presented by plaintiff is: "there were many material issues as brought forth by the testimony requiring a finding by the jury." Without specifying any particular testimony, the plaintiff's brief merely refers this court to pages four, five and six of the statement of facts. He does not point out or refer to any evidence appearing elsewhere in the record. On the designated pages appears part of the direct testimony of the plaintiff. In substance he testified a pipe-line broke about 100 yards from well No. 1, allowing oil to leak out and flow east and north; "they" banked soil on top of the oil; the slush pit is full of shale and is above ground level; the lines are under the ground from 2 to 8 inches; "they" pushed the soil from about 20 steps out and made slush pits from top surface soil.

While the plaintiff's petition referred to the oil and gas lease to Wichita River Oil Company, to which he was not a party, he did not claim any contractual rights under it and did not introduce it in evidence.

It was necessary for plaintiff to plead and prove acts of negligence on the part of defendants. Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221.

He merely testified certain things were done. His brief does not point out to us any evidence of negligence or wilfulness on the part of defendants, and he does not in this appeal contend that any negligence or wilful acts were proved.

In Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S.W.2d 410, 412, the court held: "In order to establish negligence in this case it was necessary to show that the act of petitioner in permitting the oil to escape from the pump, as alleged by respondent, involved the breach of some legal duty which it owed to respondent. Carter v. Simmons, Tex.Civ.App., 178 S.W.2d 743. 'Negligence or a failure to perform a duty required by law is never presumed as a fact, but must be proved by evidence; and the burden of proving it is on the party seeking a recovery of damages by reason of such negligence or failure of duty.' 30 Tex.Jur., Sec. 127, p. 800."

Thus the mere fact that oil leaked from a line did not show that defendants breach-

ed some legal duty they owed plaintiff. We are not referred to any evidence tending to show the leak was due to negligence on the part of defendants. Neither are we referred to any evidence tending to show that defendants used more land than necessary in constructing the slush pits or that they were negligent in the maintenance of the pits. The burden of making such proof rested on the plaintiff. Lone Star Gas Co. v. Hutton, Tex.Com.App., 58 S.W.2d 19; Warren Petroleum Corp. v. Martin, supra.

Under the authorities cited above, the trial court did not err in directing verdict for defendants.

The judgment of the trial court is affirmed.