Carnes W. WEAVER, Appellant,

v.

D. M. REED, Appellee.

No. 3315.

Court of Civil Appeals of Texas.

Eastland.

May 31, 1957.

Vinson, Elkins, Weems & Searls, Houston, for appellant.

Kelly, Hunt & Cullen, Victoria, for appellee.

GRISSOM, Chief Justice.

D. M. Reed owned and operated a cattle ranch on which Carnes W. Weaver had, so far as is here material, the usual oil and gas lease and a producing oil well. Reed claimed that five head of his cattle consumed a pipe lubricant from an open bucket left near the well and from pipe stacked at the well and died as a result thereof. A jury found that Weaver's employee left a bucket containing pipe lubricant open; that it contained elements injurious to cattle; that Reed's cattle ate the lubricant in the bucket and that leaving the bucket open was negligence and a proximate cause of the death of Reed's cattle. Judgment was rendered on the verdict and Weaver has appealed.

Weaver contends that the only duties he owed Reed were (1) not to use more of the lessor's land than was reasonably necessary for carrying out the purposes of his lease and (2) not to willfully, intentionally or wantonly injure Reed's cattle. In other words, appellant says that he is not liable for ordinary negligence in the maintenance of the area necessary for effectuating the purposes of his lease. He relies on Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S.W.2d 410, as authority for that contention. We do not think that our Supreme Court has so held. That opinion, as all others approved by it, recognizes that the oil and gas lessee, even when he holds the dominant estate, must exercise his rights with due regard for the rights of the surface owner. The plaintiff in the Warren case depended upon an allegation that the lessee was negligent in using a defective pump and thus permitting oil to escape and form in pools near the well where his cattle drank it. The Supreme Court held there was no evidence that the pump was defective; that to recover plaintiff had to show that defendant breached some duty he owed plaintiff and, since he did not prove said alleged negligence, he was required to prove that the lessee either used a greater area than was reasonably necessary or that he intentionally, willfully or wantonly injured plaintiff's cattle. In Carter v. Simmons, Tex.Civ.App., 178 S.W.2d 743, 746, 747, quoted from with approval in the Warren case, the plaintiff claimed the defendant negligently permitted oil to escape from his tanks. It was held that the mere fact that the tanks overflowed did not constitute proof of negligence. The court held that the oil and gas lessee held the dominant estate in so much of the leased premises as was reasonably necessary to the oil operations provided for in his lease; that lessee

was not liable for loss of lessor's cattle from drinking oil "which necessarily accumulated in the slush pits as an indispensable incident to the operation of * * * (the) wells" but that "each was required under the law to exercise the rights of the estate so held with due regard for the rights of the other". In this case Weaver had no duty to fence the area reasonably necessary for the oil operations provided for in his lease. But, it does not follow that he was not required to exercise ordinary care in producing oil and maintaining that area. He had the right to use as much of the surface of the land, and to use it in such manner, as was reasonably necessary for carrying out the purposes of his lease. In so doing, in the absence of negligence, he was not responsible for injury to his lessor's cattle. If lubricating the pipe at the well was an "indispensable incident to the operation" of the well, or lease, the lessee was not liable for damages caused thereby. Carter v. Simmons, supra. But, it does not follow that the lessee is not liable to the lessor for damages proximately caused by negligently leaving open a can containing a poisonous substance where it could be eaten by the lessor's cattle. 58 C.J.S. Mines and Minerals § 201, pp. 454, 455; Connellee v. Magnolia Petroleum Co., Tex.Civ.App., 54 S.W. 2d 577, 581 (Writ Ref.); Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W.2d 553; Gregg v. Caldwell-Guadalupe Pick-Up Stations, Tex.Com.App., 286 S.W. 1083, 1084; 31–A Tex.Jur. 207, 209; Vol. 4, Summers Oil & Gas, 8; Blocker v. Wichita River Oil Company, Tex.Civ.App., 295 S. W.2d 695; Lone Star Gas Co. v. Hutton, Tex.Com.App., 58 S.W.2d 19, 21; Wohlford v. American Gas Producing Co., 5 Cir., 218 F.2d 213, 216; Robinson Drilling Co. v. Moses, Tex.Civ.App., 256 S.W.2d 650, 651; Vol. 4 (Perm.Ed.) Summers Oil & Gas, pp. 2–15; Shell Oil Co. v. Dennison, Tex.Civ. App., 132 S.W.2d 609 (Writ Ref.); Pulaski Oil Co. v. Conner, 62 Okl. 211, 162 P. 464, L.R.A.1917C, 1190; Schlegel v. Kinzie, 158 Okl. 93, 12 P.2d 223; Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221.

We sustain appellant's point to the effect that there is no evidence that leaving a bucket of pipe lubricant open was a proximate cause of the death of plaintiff's cattle. There was evidence that a bucket—there is no evidence of its size—that contained some pipe lubricant was left near the well by Weaver's employee and that it was later found open. There was evidence from which the jury might reasonably have concluded that Reed's cattle died from eating pipe lubricant. Threads of pipe stacked at the well site had been lubricated to prevent rust. There is evidence from which the jury might have reasonably concluded that Reed's cattle licked lubricant from said pipe. There is no showing that having lubricated pipe stacked at the well was not reasonably necessary to effectuate the purposes of the lease. See Placid Oil Co. v. Lee, Tex.Civ.App., 243 S.W.2d 860; Meyer v. Cox, Tex.Civ.App., 252 S.W.2d 207, 209 (Writ Ref.). Therefore, if the jury had found that the cattle died from licking lubricant from the pipe Weaver would not have been liable therefor. See Sinclair Prairie Oil Co. v. Perry, Tex.Civ.App., 191 S.W.2d 484; Pure Oil Co. v. Gear, 183 Okl. 489, 83 P.2d 389. Assuming that there is evidence that the cattle ate some pipe lubricant out of the bucket, plaintiff is in the same situation as were the plaintiffs in Texas Pac. Coal & Oil Co. v. Truesdell, Tex. Civ.App., 187 S.W.2d 418. In that case we held, in an action by the lessor to recover from his lessee for the death of goats alleged to have resulted from drinking oil which the lessee negligently permitted to escape from its pipe line, that where the goats had access to other oil which the lessee had a right to have on the premises, the lessor had failed to discharge the burden of showing that the goats died from drinking oil which the lessee had negligently permitted to escape from his pipe line. Looking at the evidence in the light most favorable to the lessor, it is insufficient to show that leaving the bucket of lubricant open was a proximate cause of the death of Reed's cattle. The judgment is reversed and the cause remanded.