**GULF OIL CORPORATION, Appellant,**

v.

**Bob WHITAKER and Mary Lou Hanson, Appellees.**

**No. 17118.**

United States Court of Appeals
Fifth Circuit.

June 30, 1958.

On Appellees' Motion to Tax Costs
Denied Aug. 11, 1958.

Rehearing Denied Aug. 11, 1958.

Chas. J. Murray, Fort Worth, Tex., Henry Russell, Pecos, Tex., David W. Stephens, Fort Worth, Tex., Archie D. Gray, Pittsburgh, Pa., of counsel, for appellant.

Hart Johnson, Fort Stockton, Tex., for appellees.

Before HUTCHESON, Chief Judge, and JONES and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

Appellees, plaintiffs below, owners of grazing leases acquired by them after and subject to the grant of valid and subsisting oil and gas leases earlier made to the defendant, brought this suit for damages for the death and loss of weight of their cattle, loss of grass, loss of calf

crop, and the purchase of extra feed, which they claimed to have sustained as a result of appellant's negligent acts and omissions in connection with its rightful entry upon the lands to make seismograph tests.

Urging that the complaint failed to state a claim, the defendant answered, alleging that it had gone upon the land under its right to do so, that it had not at any time acted negligently or unlawfully, and that no part of the damages claimed had resulted from its acts.

The case was tried to a jury on meager evidence,[1] and the trial concluded, appellant filed a detailed motion for an instructed verdict as to the claim of damages for loss of cattle predicated upon its insistence: that there was no evidence that defendant was negligent; that, if it was, no loss of cattle was caused thereby; that, indeed, as to the death of appellees' cattle, the only claim of negligence made by plaintiffs was that defendant's agents went into the traps, the fenced enclosures where the cattle were, without advising plaintiffs that they intended to do so, when under the applicable law, defendant did not have to give such notice.

The motions for directed verdict overruled, the case was submitted to the jury, on the issues only of the death of the cattle, the loss of the grass caused by appellant's excessive taking of water from one of the tanks, and the extra feed bill, and on a general charge, to most of which appellant specifically objected, and on some, though not all, of defendant's requested charges.

Argued to the jury by appellees on the theory that appellant had no right under its mineral leases to conduct its operations in the traps without first giving appellees an opportunity to remove their cattle, that it was negligence, therefore, to go in without prior notice to them, that its operations were conducted without due regard to appellees' rights as surface lessees, the case was not submitted on this theory. Instead, the court gave in charge to the jury defendant's specifically requested instructions: that it had the same right of occupancy and control of the surface of the land as the owner or lessee of the surface himself; that it had a right to use as much of the surface of the land as may be reasonably necessary to conduct its operations, including seismograph operations; that "an oil and gas lessee is not required to obtain permission from a surface or grazing lessee before it can conduct operations upon the surface"; and that an oil and gas lessee is not liable for any damages unless it has been negligent in conducting its operations or has used more of the surface than was reasonable and necessary in the conduct thereof. Instructing the jury specifically that defendant was not liable for any damages for the death of, or injury to cattle unless it negligently did some act during its operations to cause their death or injury and such negligence, if any, was the direct and proximate cause thereof, it further instructed the jury, on the issues of grass damage and the purchase of extra feed, that plaintiffs could recover both if defendant was found at fault on the water taking issue.

The jury returned a general verdict for appellees and this appeal is from a judgment on that verdict.

Here, insisting that, as to the death of the cattle, no fault whatever was shown, and that, if mistaken in this, no substantial proof was made that the death of

1. No record was made and kept by appellees as to the days the cattle died, no qualified person was called to determine, and there was no opinion evidence, lay or expert, as to, the cause of their deaths. No claim was made by appellees that any cattle died because of any other reason than following appellant's vehicles.

In addition to the cattle claim, there was a claim and some evidence that appellant used all the water in a surface tank in the eastern part of the ranch when it was only entitled to use half, that appellees were compelled to move their cattle from the pastures adjacent to this watering place to others not so good, and that appellees lost the use of some 10,000 acres of grass and had to buy extra feed for their cattle because of the loss of grass.

the cattle was caused thereby, appellant cites many cases,[2] particularly Lynn v. Maag, 5 Cir., 220 F.2d 703 and Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S.W.2d 410, holding that in situations of this kind the lease owner has a right to enter and use the property and his only liability is for negligence in exercising his rights or an overt trespass beyond them; and that, to recover on a claim for damages, there must be clear proof that a wrong was done and that damage resulted therefrom.

On the basis of these views and these cases, appellant insists that the judgment must be reversed and the cause remanded with directions to instruct a verdict as to the claim for damages for death of the cattle and to submit to the jury the question of the recovery of either the value of the grass destroyed because of the exhaustion of the water tank or the cost of the purchase of feed made necessary thereby, but not both.

We agree with appellant that, except as to the claim for damages as a result of drawing more than half the water from the tank, measured by the value of the grass lost or the cost of the feed which its loss required plaintiff to purchase, one or the other but not both, the judgment must be reversed and the cause of action dismissed.

 In United States v. Huff, 5 Cir., 175 F.2d 678, this court had occasion to deal with a claim for sheep losses as the result of army maneuvers, inadequately proven as here. What was said there applies with full force here. Appellees took their grazing leases subject to the mineral leases, and, as the judge charged the jury, appellant did not have to obtain permission from plaintiffs to enter upon and make use of the lands under their oil and gas leases. The fact alone, therefore, which seems to be plaintiffs' only ground of recovery as to the cattle losses,

that defendant entered without first notifying plaintiffs, will not support the recovery.

 In addition, search the evidence as one will, no legal basis can be found there for attributing the claimed deaths of cattle to any of the actions of the defendant.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

On Appellees' Motion to Tax Costs

PER CURIAM.

It is ordered that appellees' motion to tax costs be, and it is hereby denied.

2. Wohlford v. American Gas Pro. Co., 5 Cir., 218 F.2d 213; Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S.W. 2d 410; Sinclair Prairie Oil Co. v. Perry, Tex.Civ.App., 191 S.W.2d 484; Texas Pacific Coal & Oil Co. v. Truesdell, Tex. Civ.App., 187 S.W.2d 418; Pitzer & West v. Williamson, Tex.Civ.App., 159 S.W.2d 181; International & G. N. Ry. Co. v. Wilson, Tex.Civ.App., 129 S.W. 849; Lynn v. Maag, 5 Cir., 220 F.2d 703.