**Hall JONES, Appellant,**

v.

**NAFCO OIL & GAS, INC. et al., Appellees.**

No. 7279.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 23, 1963.

Rehearing Denied Oct. 21, 1963.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, for appellant.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellees.

DENTON, Chief Justice.

Appellant, Hall Jones, brought this suit against appellees, Nafco Oil & Gas, Inc. and Sam Wysong, seeking damages for the death and injury of appellant's cattle from the drinking of condensate from a gas well operated by Nafco. The trial court instructed a verdict for appellees, defendants below. Upon this verdict, the trial court rendered judgment in their behalf.

On September 22, 1959, and at all times material here, Nafco Oil & Gas, Inc. was the lessee and operator of a gas well on the section of land involved here. No other gas or oil well was located on this section. Wysong, an employee of Nafco Oil & Gas, Inc., had the responsibility of checking and maintaining this well. Appellant secured a one-year surface or grazing lease from the land owner on May 1, 1958, which was some time after the gas well was in operation. He secured another one-year grass lease in May of 1959. It is undisputed the appellant was familiar with the well and its equipment as he was on the premises at frequent intervals. No alterations to the well's equipment had been made during this period of time. The gas well equipment consisted of a well head, two gathering

tanks, a separator, pipes and fittings. This equipment, with the exception of a two inch or three inch draining pipe, was enclosed by a wire fence. This pipe, connected to the gathering tanks, extended out beyond the fence some five feet. The pipe was connected to the storage tanks by a lock-type valve called a "plug valve" which was kept padlocked. It could be opened only by unlocking the padlock with a key.

Appellant's cause of action charging appellees with negligence is alleged in the following language:

"On or about September 22, 1959, the Defendant WYSONG and/or other employees of NAFCO OIL AND GAS, INC. went to the above described well on said Section 115, at that time seeing Plaintiff's cattle on said section of land and at that time knowing that Plaintiff's cattle were on said section, and, through manual dumping, draining or purging of the condensate tanks and/or separator, turned a substantial quantity of condensate or condensate and salt water into the 2 or 3 inch drain pipe above described, permitting such condensate or salt water and condensate to flow out of said drain pipe outside of the fence enclosure around the tanks and separator and to gather in pools or puddles where the same was available to Plaintiff's cattle."

"Alternatively, Corporate Defendant and its employee, WYSONG, and/or other of its employees negligently allowed a valve from the condensate stock tanks and/or separator into the 2 or 3 inch pipe, with its open terminous outside the fence enclosures above mentioned, to become defective and leaky to the point to where on or about September 22, 1959, a substantial quantity of the liquids out of said stock tanks and/or separator leaked out of said tanks and/or separator through said leaky valve onto the lands above described upon which Plaintiff grazed

his cattle in a substantial amount, the same gathering in pools and puddles."

Appellant further pleaded res ipsa loquitur, and alternatively pleaded the acts of appellees constituted an excessive use of the land necessary to operate the oil and gas lease.

A careful study of this record reflects there was no evidence that the valve was leaky or defective. Wysong, who inspected the well almost daily, testified the valve did not leak. He had checked the well on September 21, 1959, and at eight a. m. the following day which is the date in question. He testified these inspections revealed no leakage of the valve and that he observed no cattle tracks near the drainage pipe. Appellant also testified he had never seen liquid hydrocarbon on the surface near the well prior to the date of the alleged injury to the cattle. Not only is the record silent as to the valve being defective, but the presence of condensate on the day in question was explained by one W. A. McRee, a truck driver of Groendyke Company. The latter company was employed by Nafco to haul off the condensate which had been separated from the gas and stored in the tank battery. These tanks were emptied approximately once a month. McRee, who had a key to the padlock on the valve, testified he went to the lease on the day in question sometime between ten a. m. and two p. m. Prior to pumping the condensate from the storage tanks into his truck tank, the driver testified he opened the valve on the storage tanks "to check to see if there was much water in the tanks". He stated some "three or four or five gallons" of fluid was run through the pipe which extended from the tanks beyond the fence.

As this case falls into the category of cases often referred to as "fence" or "cow" cases, it is governed by the holding in Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S.W.2d 410. There the Supreme Court recognized the general rule that the oil and gas lessee, even though he holds the dominant estate, must exercise

his rights with due regard for the rights of the surface owner or lessee; and the Court further held that in the absence of evidence of negligence on the part of the oil and gas lessee, the plaintiff must prove the lessee either used a greater area than was reasonably necessary or that he intentionally, wilfully or wantonly injured plaintiff's cattle. See also General Crude Oil Company v. Aiken, 162 Tex. 104, 344 S.W.2d 668; Weaver v. Reed, (Tex.Civ. App.), 303 S.W.2d 808.

■ Appellant pleaded two acts of negligence on the part of appellee and its employees: (1) draining condensate out onto the ground, and (2) allowing the valve to become defective thereby allowing condensate to leak out onto the ground. We are persuaded there is no evidence of a defective valve. There is evidence condensate was seen on the ground near the gas well in the afternoon of September 22. The only evidence tending to show how this occurred is the testimony by Groendyke's employee McRee mentioned above. Appellees pleaded McRee was an employee of Groendyke and further pleaded the company was an independent contractor. McRee had been employed by Groendyke as a truck driver since 1948, and there is testimony the company was paid by the barrel to haul the condensate from the well site. Assuming McRee drained the tanks and that appellant's cattle drank this fluid, this record does not support the conclusion he was acting as an employee of Nafco. The evidence is completely to the contrary. Appellant failed to sustain its burden to prove an employee of Nafco opened the valve. 2 Tex.Jur. 2nd., page 706, Agency, Section 248, and cases there cited.

■ Appellant further pleaded appellees used more land than was reasonably necessary. As we understand it, appellant takes the position that the fact condensate was allowed to escape and flow from the drain pipe beyond the fenced area was sufficient evidence appellee was using more land than was reasonably necessary. This contention was rejected in Warren Petroleum Corp. v. Martin, supra, in the following language:

"The mere fact that petitioner permitted oil to escape and form in small pools within 5 feet of the well, without any showing as to the manner in which the lease was being operated at the time, could not form the basis for a legal inference that such conduct constituted negligence. Neither can such fact be used as a basis for a presumed finding that the petitioner used more land than was reasonably necessary to its oil operations. There is no evidence in this record that the petitioner used more land than was reasonably necessary."

The record reflects no evidence as to the manner in which appellee was operating the lease at the time. We cannot presume the act of draining the tanks from the bottom to eliminate water mixed with condensate was negligence. The "bleeding" of the storage tanks prior to draining the condensate was reasonably necessary to the operation of the gas well installation. There was no showing this was not the usual and customary method of preparing the storage tanks for the discharge of condensate.

■ Appellant alleged an alternative plea of res ipsa loquitur. We do not believe this doctrine is applicable to this case. Appellant pleaded certain specific acts of negligence by appellees and attempted to recover thereon. These alleged acts of negligence constituted the gist of the cause of action. Under such circumstances, the doctrine of res ipsa loquitur has no application. Carter v. Simmons, (Tex.Civ. App.), 178 S.W.2d 743.

■ Having carefully reviewed the evidence in its most favorable light from the view of the appellant, we are of the opinion the evidence was insufficient as a matter of law to show the acts of Nafco or its employees were negligent and the proxi-

mate cause of the death and injury of appellant's cattle. There is a total absence of pleadings and evidence the appellees intentionally, wilfully or wantonly injured the cattle.

The judgment of the trial court is affirmed.

Affirmed.