**Alan T. STRONG, Appellant,**

**v.**

**Joe CAUDILL, Appellee.**

**No. 16622.**

Court of Civil Appeals of Texas.

Fort Worth.

April 9, 1965.

Rehearing Denied May 7, 1965.

Fillmore, Schaeffer & Fillmore and Roy Schaeffer, Wichita Falls, for appellant.

Jennings, Montgomery & Dies and Elton M. Montgomery, Graham, for appellee.

MASSEY, Chief Justice.

Plaintiff Joe Caudill had a grazing lease on certain premises in Young County, Texas. Defendant Alan T. Strong had an oil and gas lease on the same property. Four of plaintiff's cows sickened and died and plaintiff sued for damages, alleging that the defendant had or kept poisonous substances on the premises; that he negligently left unattended containers in which the substances were to be found; and that plaintiff's cattle had access thereto and did consume lethal amounts thereof,—all as proximate result of the defendant's negligence.

By its verdict the jury found that the death of the cattle was caused by poisoning; that the defendant had or kept poisonous substances on the lease, which he failed to place where the plaintiff's cattle would not have access thereto, constituting negligence, and that such failure was a proximate cause of the death of the cattle.

Judgment based on the verdict was for the plaintiff for damages and attorney's fees. The defendant appealed.

We have examined the whole record. Therefrom we have concluded that the judgment rendered by the trial court should be reversed. There was no evidence which established a causal connection between the negligence alleged and the damage alleged to have resulted therefrom. No authority is necessary to be cited for the proposition that such is essential. Although there was evidence from which the jury was entitled to conclude that the cattle had died from "heavy metal poison", there was no evidence that the substance which the plaintiff believed and "presumed" to have been ingested by the cattle was such character of poison, or indeed poisonous at all. The substance in question was in the form of residue found in several five-gallon buckets on the leased premises in the vicinity of the defendant's "dog-house". There was no direct evidence to the effect that the defendant was responsible for the presence of the buckets, or that they belonged to him. A presumption of fact cannot rest upon a fact presumed. The fact relied upon to support the presumption must be proved. See Ft. Worth Belt Ry. Co. v. Jones, 106 Tex. 345, 166 S.W. 1130 (1914); Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791 (1955). This, we believe, is the circumstance of the instant situation.

Further, we have concluded that there was no evidence that the defendant had any reason to anticipate injury to the plaintiff's cattle. Primary negligence depends upon such, plus a failure to perform the duty arising on account of that anticipation. 40 Tex.Jur.2d 452, "Negligence", § 10, "Knowledge of danger; Apprehension of injury". Even so, in order to warrant a finding that negligence was the proximate cause of an injury, injury must have been foreseeable by the wrongdoer at the instant of the wrong. There was no evidence which established such in this case. 40 Tex.Jur.2d 472, "Negligence", § 20, "Foreseen or foreseeable consequences".

In view of the foregoing we would be disposed in the usual instance to remand the cause for another trial rather than render a judgment contrary to that of the trial court. It does not appear that the case was fully developed. There might be evidence available to plaintiff which he could and would introduce upon the occasion of another trial in remedy of the want and insufficiency remarked.

The defendant, however, insists that judgment should be rendered in his favor

under authority of several cases cited, in particular Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S.W.2d 410(1954). The same contention was made by the defendant against whom judgment had been rendered in a very similar case. See Weaver v. Reed, 303 S.W.2d 808, 810 (Eastland Civ.App., 1957, no writ hist.). Therein the plaintiff believed the defendant had caused the death of certain livestock by leaving open a bucket of pipe lubricant from which the stock had eaten lethal amounts.

The Eastland Court gave its interpretation of the decision in Warren Petroleum Corp. v. Martin. (In General Crude Oil Company v. Aiken, 162 Tex. 104, 344 S.W. 2d 668, 671 (1961), Justice Norvell of the Supreme Court said that the analysis by the Eastland Court was accurate.) Chief Justice Grissom stated that the question was upon the defendant's negligent breach of some duty to the plaintiff whereby he was injured; that when he has failed to establish negligence by his evidence he may nevertheless be allowed to recover by (pleading and) proving that the defendant used a greater area in conducting operations necessary for effectuating the purposes of his lease than was reasonably necessary, or that he intentionally, wilfully, or wantonly injured plaintiff. It does not follow, said Judge Grissom, that the defendant who has used no more land than is reasonably necessary is not liable for damages to others proximately resulting from his negligence.

In the instant case plaintiff's sole theory of recovery is that defendant was negligent and that his negligence proximately caused and resulted in damages for which he brought his suit. Absent therefrom is any question of whether more land than necessary was used by the defendant. As in Weaver v. Reed, supra, plaintiff has alleged but failed to prove that the defendant negligently left available to be consumed by his livestock can or cans of poisonous substances,—that the stock did consume it, and as proximate result thereof died. Having alleged no more his proof

has failed in no other respect. Neither could it be said that there is any evidence in the case which would entitle the defendant to have judgment rendered in his favor.

Judgment reversed and cause remanded.