**GETTY OIL COMPANY (Successor in Interest to Tidewater Oil Company), Appellant,**

v.

**W. D. ROYAL, Appellee.**

**No. 6874.**

Court of Civil Appeals of Texas.

Beaumont.

Dec. 21, 1967.

Rehearing Denied Jan. 10, 1968.

Jack L. Brandon, Houston, for appellant.

Ernest Coker, Jr., Conroe, for appellee.

HIGHTOWER, Chief Justice.

Subsequent to the perfection of appeal of this case, it has been made known to this court that the original appellant, Tidewater Oil Company, has become merged with Getty Oil Company. Accordingly, the name of Getty Oil Company, as successor in interest to Tidewater Oil Company, has been substituted in the place and stead of Tidewater Oil Company, as original appellant herein.

Tidewater Oil Company, as owner of a mineral lease estate, sought relief, by way of permanent injunction, against W. D. Royal, as owner of the surface estate of said lease. The action sought to enjoin defendant, Royal, from placing or erecting any gates across plaintiff's roads on said lease and from interfering in any manner with plaintiff's use of said roads in the operation of its lease. From the judgment of the trial court denying the injunction, based upon a jury verdict, plaintiff has appealed.

Appellant and two other parties own an oil and gas lease covering 299.74 acres of land in Montgomery County, Texas. The lease was executed in 1931 and appellant has operated it for exploration and production of oil and gas since 1933. At the present time Appellant has 15 producing oil wells and a considerable amount of equipment on the lease. In connection with the operation of its lease, Appellant has constructed and maintains on the leased premises a system of roads providing access to its wells and other facilities thereon.

At the time said lease was executed the surface of the 299.74-acre tract was owned as a single tract. However, subsequent to the execution of the lease, various segregated portions of the surface have been subdivided out of the 299.74-acre tract. Appellee owns the surface of one of these subdivided tracts, a tract containing about 65 acres.

Three of appellant's wells and a meter run are situated on appellee's 65-acre surface tract. Appellant gains access to these wells and meter run by means of four separate roads constructed by appellant across the 65-acre tract. Each of these roads constitutes appellant's sole means of access by vehicle to the particular well and meter run to which each road leads. Each of such roads is used daily by appellant's employees in operating the lease. All four of such roads had been in existence and used by appellant for many years prior to the time appellee acquired the 65-acre surface tract. Prior to the filing of this suit, these roads had always been open and unobstructed. Shortly before this suit was filed, appellee built a fence around his 65-acre tract and after the suit was filed, appellee placed wire gaps across appellant's roads at the four points where such roads intersect the fence enclosing the 65-acre tract. During the trial, appellee stipulated that he intended to replace the wire gaps with metal gates.

Over the objection of appellant, the case was submitted to the jury on the theory that appellee is entitled to erect the four gates in question if such gates do not unreasonably interfere with appellant's use of such roads in the operation of its oil and gas lease. The jury found that such gates do not constitute an unreasonable interference with appellant's use of its roads.

 It is elementary that the mineral lessee, insofar as the surface of land is concerned, possesses the dominant estate, and the lessor, or surface owner, has the servient estate. The mineral lessee, as the owner of the dominant estate, has the right to the use and possession of so much of the surface as is reasonably required in the operation of his mineral lease. Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S. W.2d 410, 411. The rule of dual possession—i. e., that the mineral lessee is entitled to use so much of the leased premises as is required in its lease operations reasonably necessary for development and exploration, and that the surface owner has the right to use the portion of the surface not so required by the mineral lessee—does not apply where the rights of the parties are in conflict. United North & South Oil Co. v. Mercer (Tex.Civ.App.) 286 S.W. 652 (no writ).

 We are of the opinion that the erection of gates by appellee upon the roads in question does not constitute a use by appellee as would constitute an unreasonable interference with appellant in the use of said roads, or would enlarge the burdens and diminish the rights of appellant to operate its lease as a single entity, and we do not believe that the rights of the parties are in conflict in this case. We have been referred to no case exactly in point which is probably due to the fact of common knowledge that a lessee, having producing wells on the premises, generally prefers that they be closed to access by the general public or meddlers. Appellant's employees travel between the wells on its lease by motor vehicle and the presence of said gates require that appellant's employees alight from and re-enter their vehicles five times in order to service each well on the 65-acre tract. In the absence of said gates, appellant's employees would be required to alight from their vehicles only once to service each well on this tract. This constitutes some inconvenience to appellant, but not an unreasonable one. The gates are not to be locked, and appellant does not have to secure permission from appellee, or anyone else, to pass through them. On the other hand, the absence of gates would unduly deprive appellee of the rightful use and protection of his surface estate. The evidence clearly establishes that his land was being damaged by trespassers using the roads leading to appellant's wells and meter runs. The litter, trash and objects deleterious to live stock was being discarded by trespassers using said roads. Gates would be the only protection for appellee in this connection.

 By its third and fourth points, appellant urges error of the trial court in refusing to give the following instruction to the jury:

*Plaintiff's Requested Instruction No. 17.* You are instructed that the oil and gas lease involved in this case grants to the oil and gas lessee the exclusive right to use so much of the surface of the leased premises as is reasonably necessary to explore for, develop, and produce oil and gas. Under the terms of this lease, the oil and gas lessee has the right to build and use roads on the leased premises that are reasonably necessary to gain access to its wells and other facilities on the lease. While the surface owner has the right to use his surface in any manner that does not interfere with the oil and gas lessee's operations, the surface owner can do nothing which will deprive the oil and gas lessee of its rights or in anywise lessen them.

Appellant contends that such instruction was necessary to enable the jury to properly pass upon the issue of whether the erection of barriers across appellant's roads consti-

tute an unreasonable interference with appellant's use of such roads. We consider there is no merit to these contentions.

The single issue which controlled the case and the answer thereto was as follows:

### SPECIAL ISSUE NO. 1

Do you find, from a preponderance of the evidence, that the erection by Defendant of gates across Plaintiff's four roads on the Defendant's 65 acre tract constitutes an unreasonable interference with Plaintiff's use of such roads by Plaintiff in the operation of its oil and gas lease?

Answer "Yes" or "No"

Answer: *No*

Together with said issue, the court submitted the following instruction to the jury:

In answering the foregoing Special Issue, you are instructed that a determination of whether the erection of such gates by Defendant is "unreasonable" involves weighing the degree of harm or inconvenience such gates cause to Plaintiff against the utility of such gates to Defendant and the suitability of other measures which would substantially serve the purpose of such gates to Defendant at less or no inconvenience or harm to Plaintiff.

While it may not have been improper to have given appellant's special requested instruction, we deem that it was not necessary and that the failure to do so was harmless in view of the court's instruction which the court did give in connection with the issue aforesaid. Appellant's points are overruled.

 By its last point, appellant urges the error of the trial court in failing to admit the testimony of appellant's witness, E. W. Childers, showing the expense imposed on appellant in the operation of its entire lease, 299.74 acres, by the barriers erected by appellee and the expense that would be imposed on appellant if barriers were erected on all appellant's roads on the lease in-

volved because appellant is entitled to operate its lease as a single entity and is entitled to have the jury consider the effect of such barriers on the operation of the lease as a whole. If such refusal of the trial court was indeed error, we hold the same to have been harmless as such as would have tended to cause an improper verdict and judgment in the case. Unquestionably, appellant had the right to show the expense occasioned to it by the use of said gates on the 65-acre tract in question belonging to appellee, but it did not choose to so limit the testimony. It sought, and we think improperly, to show the expense which would be occasioned in the hypothetical situation where all the surface owners of the entire lease were to erect similar barriers. We are of the opinion that the trial court properly excluded such testimony. The judgment of the trial court is, accordingly, affirmed.

Affirmed.