**TEXACO, INC., Appellant,**

**v.**

**LeRoy SPIRES, Jr., Appellee.**

**No. 4273.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 22, 1968.

Rehearing Denied Dec. 13, 1968.

Stubbeman, McRae, Sealy & Laughlin, Harrell Feldt, Midland, for appellant.

Evans, Pharr, Trout & Jones, William H. Evans, Lubbock, for appellee.

COLLINGS, Justice.

LeRoy Spires, Jr. brought this suit for damages against Texaco, Inc. Plaintiff alleged that the defendant was occupying part of his ranch under an oil and gas lease, and negligently maintained a cattle guard which had been previously defectively constructed by Humble Oil & Refining Company, and that such negligence proximately caused plaintiff's damages; that the defendant negligently failed to clean dirt and grass from the cattle guard and that plaintiff's horse named "Lekko" kept in the pasture by plaintiff was attracted to the grass, and got his leg caught in the cattle guard; that the horse's leg was thereby broken, and it became necessary to destroy him. Texaco denied plaintiff's allegations, and alleged that plaintiff was guilty of negligence proximately causing the injury to and destruction of his

horse. The case was tried before a jury and based upon the verdict, judgment in the amount of $5,000.00 was rendered in favor of plaintiff for the loss of his horse. Texaco, Inc., has appealed.

The evidence shows that LeRoy Spires, Jr. was the owner and operator of ranch lands in Kent and Scurry Counties and that prior to the time he leased such lands for oil and gas purposes and at all times material hereto has maintained appropriate ranch fences along the adjoining public highway with adequate gates for access thereto. Humble Oil & Refining Company by assignment became the owner of the oil and gas lease executed by appellee covering such land, discovered oil and drilled several producing oil wells thereon. Instead of using pasture gates maintained by Spires to get to their wells and operations on the land Humble "cut through" appellee's fence along the highway to provide a more convenient place for its entry and exit. After so cutting the fence Humble did not rebuild it or install a gate at the place of cutting, but constructed a cattle guard which it thereafter used to go through appellee's fence to and from the public highway; that the cattle guard constructed by Humble was improperly constructed in that it was built of railroad rails with flanges which were not cut off as is proper in building a safe cattle guard, so that an animal would not be in such danger of getting caught therein.

■ Some 14 or 15 years prior to the matters here in controversy Texaco under an assignment from Humble took over the lease in question as a unit operator insofar as oil and gas operations on the land were concerned. The terms of the lease were not changed and Texaco has the rights and responsibilities of a lessee for its operations, including the road and cattle guard across appellee's fence, which it has continued to use.

The evidence shows that appellee Spires was the owner of Lekko, a fine registered quarter horse stud which he kept in the same pasture in which the oil wells belonging to appellant were located. The pasture was in part enclosed by the fence which had been cut and contained the cattle guard in question. The pasture had been used by appellee for many years as a place to keep his livestock both before and after the beginning of oil operations thereon. The evidence indicates that the cattle guard was defective and dangerous to livestock because of the manner of its construction and the manner in which it was kept and maintained; that on numerous occasions appellee had cautioned both Humble and Texaco about keeping dirt and the growth of vegetation out of the cattle guard, and had also called their attention to the defective flange construction of this particular cattle guard. The evidence further indicates, however, that appellee did not know about the growth of grass or the dirt fill existing in the cattle guard at and immediately before the particular incident here in question. There was evidence to the effect that in the spring of 1967, after some early rains Johnson grass had grown up six inches or more above the cattle guard, and that dust storms and soil drainage had partially filled the cattle guard. The facts and circumstances in evidence support the conclusion that Lekko was attracted to the cattle guard to eat the grass, and got on the improperly constructed and maintained cattle guard and his hoof was caught or trapped therein and two of his legs were broken. The horse was found trapped in the cattle guard with his legs broken and had to be shot.

The jury found these facts and that the value of the horse was $5,000.00. The jury also found, in effect, that Texaco was negligent in failing to clean the grass and dirt out of the cattle guard, in maintaining it in a dangerous condition with the flanges not removed, and that such acts of negligence were proximate causes of the injury and damage complained of. Based upon such findings, judgment was rendered in favor of appellee and against appellant Texaco, Inc., for the sum of $5,000.00.

In appellant's first 3 points it is contended, in effect, that the court erred in overruling its motion for an instructed verdict and in rendering judgment for appellee; that appellant as owner of the oil and gas lease on the land owed no duty to refrain from negligence for the protection of the surface owner's animals; and that appellant breached no legal duty to appellee. It is true, as appellant contends, that the grant of an oil and gas lease carries with it the right to use so much of the land as is reasonably necessary to comply with the terms of the lease and to effectuate its purposes, and that damages resulting to the owner of the surface by reason of such necessary use by the lessee are not recoverable. Warren Petroleum Corporation v. Martin, 153 Tex. 465, 271 S.W.2d 410, (1954). The above announced rule however is not here applicable. It is an equally well established rule, which is here controlling, that the owner of the surface is entitled to recover damages when the oil and gas lessee has been negligent in the use of the surface owner's land. Although the surface estate is servient to the mineral estate under an oil and gas lease for the purpose of the mineral grant, still the right of the oil and gas lessee must be exercised with due regard to the rights of the owner and he owes the duty to the surface owner not to negligently injure the surface owner in the operation of his estate. Contrary to appellant's contention, the owner of an oil and gas lease is liable for injury to livestock belonging to the owner of the surface estate caused by the lessee's negligence in the operation of the mineral lease. Weaver v. Reed, 303 S.W. 2d 808 (CCA, 1957); Currey v. Ingram, 397 S.W.2d 484, (CCA, 1965, ref. n. r. e.). In Brown v. Lundell, 162 Tex. 84, 344 S.W. 2d 863 (1961), it was held that the rights of a lessor and lessee under an oil and gas lease are reciprocal and that if either party exceeds such rights he becomes a trespasser. A lessee who negligently or unnecessarily damages the lessor's land is liable in damages therefor. Appellant's first 3 points are overruled.

In appellant's 4th point it is contended that the court erred in overruling appellant's motion for an instructed verdict, and in rendering judgment for appellee on the verdict because there is no evidence or insufficient evidence to show that any negligent act of appellant was a direct and proximate cause of the injury to appellee's horse. In our opinion, this point is not well taken. The jury found, in effect, that the cattle guard in question which was built with railroad rails with the flanges unremoved was not the usual and proper type of construction and that a cattle guard so constructed was defective and dangerous to livestock; that appellant knew of such defect and danger in the cattle guard and was knowingly maintaining and using same in its operations on appellee's land at the time of the injury to appellee's horse; that such maintenance and use of the defective and dangerous cattle guard was negligence and a proximate cause of the loss of appellee's horse; that at the time of the injury to the horse, the cattle guard was partially filled with dirt and grass was growing above the rails; that appellant was at the time using and maintaining the cattle guard in such condition, which was a dangerous use and maintenance thereof, and that appellant knew that such use and maintenance created a defective and dangerous condition of the cattle guard; that such maintenance and use of the defective and dangerous cattle guard was negligence and a proximate cause of the loss of appellee's horse. There was some evidence in support of each of these findings. The court, therefore, did not err in overruling appellant's motion for an instructed verdict. Considering the evidence as a whole, we find that there was sufficient evidence to support such findings and the judgment rendered.

Appellant particularly urges that the judgment should be reversed because there was no evidence, or insufficient evidence, to show that the cause of the horse getting into the cattle guard was the grass and dirt therein. We cannot agree with this

contention. · It is undisputed that high grass was growing in the cattle guard. It is a reasonable inference that an animal enclosed in a pasture will seek out whatever vegetation may be to its liking, and that high grass growing in a cattle guard would attract a horse or other animal, and that such was the cause of appellee's horse, Lekko, getting caught therein. Appellant's 4th point is overruled.

In appellant's 5, 6, 7 and 8th points it is contended that the court erred in refusing to submit appellant's requested special issues bearing upon alleged contributory negligence on the part of appellee. Such requested special issues inquired whether appellee failed to clean the dirt and grass out of the cattle guard, whether appellee failed to warn appellant of the dangerous condition of the cattle guard, whether appellee knew or should have known of the dangerous condition of the cattle guard at and prior to the accident in question and failed to protect his horse from such danger, whether appellee failed to keep his horse off the cattle guard, and whether such action or failure to act on the part of appellee constituted negligence proximately causing the injury to appellee's horse. In our opinion these points are not well taken.

■ The cattle guard in question was the property of appellant. It was constructed by the Humble Oil Company and was used and maintained by appellant after it acquired the lease from Humble. The maintenance and up-keep of the cattle guard was the responsibility of appellant. We cannot agree with appellant's contention, in effect, that appellee had the duty to keep dirt and grass out of the cattle guard or to warn appellant of any such defective condition. The evidence is undisputed that the cattle guard was constructed of railroad rails with flanges unremoved and that there was an accumulation of dirt under the cattle guard with grass growing to the height of about six inches above the rails. The evidence is undisputed that many times in past years appellee had complained to appellant about these dangerous conditions, but that appellee did not know of the dirt or grass existing in the cattle guard at and immediately before the injury to his horse. The jury found that the conduct of appellant in maintaining the cattle guard in such dangerous condition was negligence proximately causing appellee's damages. The evidence does show that appellee knew of the defective construction of the cattle guard at and immediately prior to the injury to his horse and that with such knowledge appellee kept his horse in the pasture and failed to keep the horse off the cattle guard.

■ We agree with appellant's contention that, as a general rule, a plaintiff who knowingly exposes himself or his property to danger is guilty of contributory negligence or, at least, a question of fact concerning the existence of contributory negligence is presented. The controlling consideration here, however, is that appellee, as owner of the surface estate, had the right to keep his livestock, including Lekko, in the pasture. Because of appellant's negligence it became impossible for appellee to keep his livestock in his pasture without exposing it to the danger presented by the defectively constructed and maintained cattle guard. In Restatement of the Law, Torts 2d, § 473 it is stated as follows:

"Danger Encountered in Exercise of Right or Privilege.

If the defendant's negligence has made the plaintiff's exercise of a right or privilege impossible unless he exposes himself to a risk of bodily harm, the plaintiff is not guilty of contributory negligence in so doing unless he acts unreasonably."

The above announced principle in Restatement of Torts was quoted with approval in Northcutt v. Magnolia Petroleum Company, 90 S.W.2d 632, (CCA 1935, writ refused). In that case it was held by this court, under facts somewhat similar to the

facts of this case, that a plaintiff was not guilty of contributory negligence as a matter of law. A farmer who knew there were pipe lines running through his land and who had previously on other parts of his land struck pipe lines with his plow, but had not been injured, was held not to be guilty of contributory negligence as a matter of law so as to bar recovery from the defendant oil company for injuries sustained when the farmer's plow struck the pipe line. It is to be noted that in the cited case the evidence indicated not only that the plaintiff had knowledge that the pipe line was not below plow depth at the place of his alleged injury but also that the plaintiff was engaged in positive action himself, that is, plowing the land, which, under the circumstances, raised a fact issue concerning the question of due care. In the instant case appellee knew of the defective construction of the cattle guard but did not at the time of the injury to his horse know of the growth of grass therein. The evidence indicates that the injury was proximately caused by both the construction of of the cattle guard and the growth of the grass. There is no evidence of any conduct, action or breach of duty on the part of appellee unless, as appellant contends, he was negligent in keeping his horse in the pasture. Appellee had kept his livestock in the pasture for more than fifteen years and no previous injury had ever occurred. He owned the surface estate in the land and had the legal right to keep his stock thereon. In our opinion the mere fact that appellee kept his stock in his pasture, when there is no evidence of any other fact, circumstances or conduct on the part of appellee indicating a lack of due care, was not an unreasonable or unnecessary exposure to the risk and danger involved. As a matter of law, under these circumstances, the action of appellee in keeping his horse in the pasture, as he had the legal right to do did not constitute contributory negligence.

The judgment is affirmed.