**SATANTA OIL COMPANY, Appellant,**

v.

**Bryan N. HENDERSON, Appellee.**

**No. 08–92–00105–CV.**

Court of Appeals of Texas,
El Paso.

June 9, 1993.

Robert E. Motsenbocker, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellant.

Mark D. Owens, Odessa, for appellee.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

KOEHLER, Justice.

This is a case in which a jury found that an oil lease operator's unreasonable use of the surface was the producing cause of the death of a cow and as a consequence, awarded damages and attorney's fees. In this appeal from a judgment on the verdict, the oil operator asserts in a single point that the trial court erred in denying its motion for directed verdict and in overruling its objections to the court's charge on the grounds that there was no evidence to support submission of an issue that it made an unreasonable use of the surface. We reverse and render.

## THE FACTS

Bryan N. Henderson (Henderson), Appellee, is a rancher in Ector County, Texas, who owned a 420 acre tract on which he pastured a herd of cattle. He bred and raised these cattle for show purposes. Henderson had one water well located on the tract. Also located on various parts of the tract were the oil lease operations of three different operators. One of the operators was Satanta Oil Company (Satanta), the Appellant, which leased all but 120 acres of the tract. Satanta had six or seven oil wells together with related oil flowlines, tank batteries and one "slush pit," an area in the ground commonly used by oil producers for storing used drilling mud, in various locations around the lease. Two of the cows were first observed by Henderson in a sickly condition in November 1986. Although they were treated by a veterinarian, ultimately, on January 9, 1987, one of the cows (a Maine Anjou cow pregnant with calf) died. An autopsy revealed that ingestion of oil was the cause of the cow's death. After an investigation from which he concluded that the lethal oil came from Satanta's operations, Henderson filed this suit against Satanta, seeking recovery of his damages for loss of the cow on theories of negligence, gross negligence and unreasonable use of the surface estate. Satanta's motion for a directed verdict in its favor on the grounds that it owed no duty to the surface owner other than not to intentionally or wilfully injure his cattle was denied. The case was submitted to the jury on the unreasonable use of the surface estate theory only, over Satanta's objection that there was no evidence of any actionable cause to go to the jury. The jury found for Henderson, awarding him $3,000 for the loss of the cow and $3,500 attorney's fees.[1] Satanta's motion for judgment notwithstanding the verdict was also denied.

## THE LAW

In Texas, the owner-operator of an oil and gas lease "has the right to use so much of the land, both surface and subsurface, as is reasonably necessary to comply with the terms of the lease contract and to carry out the purposes and intentions of the parties." *Brown v. Lundell,* 344 S.W.2d 863, 865 (Tex.1961). There is a clear distinction between injury-to-land cases and injury-to-livestock cases. *General Crude Oil Company v. Aiken,* 344 S.W.2d 668, 670–71 (Tex.1961); *Amerada–Hess Corp. v. Iparrea,* 495 S.W.2d 60, 61 (Tex.Civ.App.—El Paso 1973, writ ref'd n.r.e.). In the absence of a lease provision to the contrary, the only duty owed by the

1. Question No. 1, the only liability question submitted to the jury, was follows:
    Do you find from a preponderance of the evidence that Satanta Oil Company was the producing cause of the death of the cow by an unreasonable use of the surface.
    Answer "Yes" or "No."
    Answer: YES

operator of an oil lease to the owner or lessee of the surface, who is pasturing cattle, is not to injure such cattle intentionally, wilfully or wantonly. *Warren Petroleum Corp. v. Martin,* 271 S.W.2d 410, 413 (Tex.1954). There is no duty on the part of an operator to put fences around his operations. *Warren,* 271 S.W.2d at 411; *General Crude Oil,* 344 S.W.2d at 671; *Amerada–Hess,* 495 S.W.2d at 63. In a case involving injury to cattle where a jury does not find (or is not asked to find) that the injury was intentional, it is necessary for the cattle owner to plead and prove that the oil operator used more land than was reasonably necessary to his operation and was negligent in some respect that proximately caused the injury. *Warren,* 271 S.W.2d at 413; *Weaver v. Reed,* 303 S.W.2d 808, 809 (Tex.Civ.App.—Eastland 1957, no writ). Under the concept of "reasonable use," it is incumbent upon the cattle owner, before he can recover for injuries to his cows, to show that the oil spill or other deleterious substance ingested by the cattle lay on the ground outside the legitimate area of the oil and gas lessee's operations. *General Crude Oil,* 344 S.W.2d at 671; *Warren,* 271 S.W.2d at 412; *Amerada–Hess,* 495 S.W.2d at 64. Although an oil and gas lessee is the holder of the dominant estate, he must exercise his rights with due respect for the rights of the surface owner and without negligence. *Warren,* 271 S.W.2d at 413. In summary, the law in Texas has long been established that the oil and gas lessee has only the duty, within the legitimate area of its operations, not to intentionally, wilfully or wantonly injure the cattle of the surface owner/lessee. Outside the legitimate area of the mineral lessee's operations, the operator has the duty to exercise ordinary care not to injure the cattle through some act or omission. Thus, the owner/lessee of the surface estate in order to recover against the mineral lessee or operator for injury to his cattle must plead, prove and obtain a jury finding on one of the following:

- That the lessee/operator intentionally, wilfully or wantonly injured the cattle; or

- That the lessee/operator used more land than was reasonably necessary for carrying out the purposes of his lease and that as a result of some negligent act or omission on his part, he proximately caused an injury to the surface owner/lessee's cattle.

### ANALYSIS

Henderson neither pled nor attempted to prove that Satanta intentionally, wilfully or wantonly injured the cow in question or that Satanta used more land than was reasonably necessary to carry out its operations. Although Henderson pled a negligence cause of action, he did not request any jury question on that theory and did not conclusively prove negligence on the part of Satanta. Thus he waived his right to recover based on Satanta's alleged negligence. *Southwestern Bell Telephone Co. v. DeLanney,* 809 S.W.2d 493, 495 (Tex.1991); Tex.R.Civ.P. 279.

What Henderson alleged and went to the jury on was a theory of unreasonable use of the surface by the oil and gas operator. The jury was instructed that "[a]n oil and gas operator has the right to use of the surface to the extent reasonably necessary to enable the operator to produce oil and gas[,]" and "[a]n unreasonable use of the surface may occur if the operator fails to operate with due regard for the interests of the surface owner." The theory alleged and the instructions given to the jury may have been appropriate in an injury-to-land case but not in an injury-to-livestock situation. *See Warren,* 271 S.W.2d at 412, and *Amerada–Hess,* 495 S.W.2d at 62–63. *Vest v. Exxon Corp.,* 752 F.2d 959 (5th Cir.1985), relied upon by Henderson, is an injury-to-land case and as such has no application to this case.

Even if the case had been properly pled on the theory that Satanta had used more of the surface than was reasonably necessary to its operation and had acted negligently, the evidence submitted by Henderson only shows that Satanta used and maintained a slush pit and storage tanks as a part of its regular oil operations. Both Henderson and his son testified that

subsequent to the death of the cow, they observed two separate oil spills, both coming from flow lines from one of Satanta's storage tank batteries, and oil overflowing from the slush pit. The presence of slush pits, flow lines and storage tanks are reasonably necessary to the successful operation of oil wells. *Carter v. Simmons*, 178 S.W.2d 743, 746 (Tex.Civ.App.—Waco 1944, no writ). Under *Carter*, which predated *Warren, Brown, General Crude* and *Amerada–Hess*, the Court held that before the owners of the dead cattle could recover damages, they would have to show: (1) that the oil operator permitted the storage tanks to overflow prior to the deaths of the cattle, (2) that such conduct by the operator constituted negligence and (3) that their cattle drank from the crude oil which the operator had negligently permitted to escape from the overflowed tanks which proximately caused the deaths of the cattle. In this case, there was no evidence that Satanta negligently permitted oil to leak from oil lines or to overflow from the slush pit or that the leaking or overflowing oil was the proximate cause of the cow's death let alone any requested jury findings to that effect.

Satanta's point of error is sustained. As a result, we reverse the judgment of the trial court and render judgment that Bryan N. Henderson take nothing from Satanta Oil Company.